KIRKPATRICK *v.* THE STATE on the Relation of KIRKPATRICK.

Suit upon an administrator's bond given for the faithful application of the proceeds of real estate of the intestate which the administrator had procured an order to sell. Plea, *nil debet,* and issue on the plea. *Held,* that the plea was not a nullity. *Held,* also, that it was incumbent upon the relator, under the issue, to prove all the material averments in the declaration except the execution of the bond.

ERROR to the *Kosciusko* Probate Court.

*Friday,
December* 3.

SMITH, J.—This was a suit brought by the defendant in error on a bond executed by the plaintiff in error as administrator of the estate of one *Mary Timmons*, deceased, for the faithful application of the proceeds of certain real estate of the decedent, (for the sale of which he had procured an order of the Probate Court,) " in pursuance of law and the order of said Court in the premises."

The breach averred is, that said administrator did not faithfully apply the proceeds of said real estate according to law and the order of said Court; for that 288 dollars came to his hands from the sale of said real estate, and afterwards, on the 13th of *November*, 1844, said Court ordered him to pay to the relator, who was an heir at law and distributee of said estate, 130 dollars and 34 cents as his share of the proceeds of said sale; and though the relator did on said day last named specifically demand said sum of said administrator, the latter did not and would not pay the same, &c.

The defendant below pleaded the general issue, and several special pleas upon which issues were taken. The cause went to the jury upon the evidence, and the plaintiff had judgment for the amount claimed by him.

The plaintiff only proved that a special demand was made of the administrator, and some facts relative to the matters averred in the special pleas.

This proof was not sufficient to entitle him to a verdict. The plea of *nil debet*, though bad on general demurrer, was not a nullity. *Tate* v. *Wymond*, 7 Blackf. 240. As the plaintiff took issue upon it, he should have proved all

the material allegations in his declaration except the execution of the bond.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. H. Bradley* and *A. A. Hammond*, for the plaintiff.