## JENKINS and Another *v.* PARKHILL.

DEFECTIVE VERDICT.—VENIRE DE NOVO.—Where in a suit against two, the jury finds against both of the defendants upon the first paragraph of the complaint, and against one of the defendants upon the second paragraph, and there is no finding as to the other defendant upon the second paragraph, the verdict is ill for not finding the whole issue, and a *venire de novo* should be awarded.

VENIRE DE NOVO.—NEW TRIAL.—A motion for a *venire de novo* is not a waiver of a motion for a new trial.

EVIDENCE.—COMPLETE RECORD.—As it is made the duty of the clerks of the courts of record in this State to make a complete record of all actions involving the title to land, within one month after the same are finally determined, it will be presumed, after the lapse of the time mentioned, that such record has been made.

SAME.—A duly authenticated transcript of such record, in the absence of the original, is the highest evidence of the contents thereof, and secondary evidence is not admissible, without proof of the destruction or non-existence of the record.

INJUNCTION.—In a suit upon an injunction bond given to procure a restraining order from the judge of the Court of Common Pleas, in a case in the Circuit Court, in the vacation of the latter court, it is for the plaintiff to show that the order related to some matter pending in the Circuit Court.

SAME.—The defendant is not estopped to deny the jurisdiction of the judge granting the order over the subject matter of the suit. If the order was void, it was no restraint, and the undertaking given to procure it was of no validity.

PLEADING.—LOST INSTRUMENT.—In a suit upon a lost instrument it is incumbent upon the plaintiff to prove the contents of the instrument, as alleged, after laying the proper foundation therefor, but proof of its execution is not necessary unless the execution is denied under oath.

INJUNCTION BOND.—DAMAGES.—In an action upon an injunction bond, given to procure an order restraining the plaintiff from cutting timber upon a tract of land, the defendant offered to prove, in mitigation of damages, that at the time of suing out the injunction the land and timber belonged to another person, and that the plaintiff had no right to cut the timber. *Held*, that the evidence was admissible.

APPEAL from the *Jefferson* Circuit Court.

GREGORY, J.—*Parkhill* sued *Jenkins* and *Curtis* on two undertakings alleged to have been executed by them, to obtain two temporary restraining orders in suits by *Jenkins* against *Parkhill* for the recovery of the possession of 360 acres of land, on which there is a steam saw mill and much timber. The suits were brought in the *Jennings* Circuit Court. The restraining orders were granted by the Common Pleas judge, restraining *Parkhill* from running the mill and cutting timber. It is averred that the suits were finally determined in favor of the appellee, and that the papers, restraining orders and undertakings sued on are lost. There are four paragraphs of the complaint. The first and second are on the undertaking in the first suit, and the third and fourth on the undertaking in the last. Answer, general denial, with an agreement that all matters of defense might be given in evidence. The defendants denied the execution of the last named undertaking under oath. Trial by jury;

verdict as follows: "We the jury find for the plaintiff upon the first and second paragraphs of the complaint as against both of the defendants, and assess his damages upon these paragraphs at $460, and we find for the plaintiff upon the third and fourth paragraphs of the complaint, as against *Alfred Jenkins*, one of the defendants, and assess his damages on these paragraphs of the complaint at the sum of $100." Motion for a *venire de novo* overruled. Motion for a new trial overruled, and judgment on the verdict.

It is claimed that the verdict is defective in not finding for or against *Curtis* on the issue joined on the third and fourth paragraphs of the complaint. If a jury finds but part of the matter put in issue, and says nothing as to the rest, the verdict is ill, and a *venire facias de novo* shall issue if no judgment is given, but if judgment is given upon such verdict it shall be reversed. *Rex* v. *Hayes*, 2 Lord Raymond 1518; *Cattle* v. *Andrews*, 3 Salk. 372; *Middleton* v. *Quigley*, 7 Halst. 352. A motion for a *venire de novo* is the proper method to reach such a defect. *Basseker* v. *Cramer*, 18 Ind. 44. It is true that it has been held in some criminal cases that a verdict finding a defendant guilty on one of several counts of an indictment, and saying nothing of the other counts, is, as to such other counts, equivalent to an express finding of not guilty, evidently upon the hypothesis that jeopardy had attached, and the defendant could not be twice subjected thereto. But clearly, in a civil suit, there must be a finding and judgment to protect the defendant from another action. That the matter was in issue is not sufficient.

It is claimed that the motion for a *venire de novo* was a waiver of the motion for a new trial. We do not think so. It is not a motion in arrest. Mr. *Stephen*, in his work on pleading, says: "A *venire facias de novo*, that is, a new writ of *venire facias*, will be awarded when, by reason of some irregularity or defect in the proceedings on the first *venire*, or the trial, the proper effect of that writ has been frustrated, or the verdict has become void in law; as for

example where the jury has been improperly chosen, or has given an uncertain, ambiguous or defective verdict. The consequence and object of a new *venire* are of course to obtain a new trial, and accordingly this proceeding is, in substance, the same with a motion for a new trial." Stephen on Pleading, 3d Am. Ed., p. 100. Technically, a motion for a *venire de novo* is neither a motion for a new trial nor in arrest of judgment. 2 Tidd's Practice, 2 Am. Ed., 854; 2 Graham & Waterman on New Trials, 36—38. Under our practice there is no reason why a motion for a *venire de novo* should be a waiver of a motion for a new trial. In their logical sequence the former comes before the latter.

It is made the duty of the clerks of the several courts of record in this State, to "enter in the proper record books all orders, judgments and decrees of such courts, and in final record books, within one month after the same are finally determined, a complete record of all causes where the title to land is involved." 2 G. & H., § 3, p. 13. It will be presumed, after the lapse of the time mentioned, that such complete record has been made. A duly authenticated transcript of such record, in the absence of the original, is the highest evidence of the contents thereof, and secondary evidence will not be admitted without proof of the destruction or non-existence of such record. The court below erred in allowing secondary evidence as to the time of the commencement of the land suits, and in admitting parol testimony of the contents of the undertakings.

After the plaintiff had proved by the present clerk of the *Jennings* Circuit Court that the papers in the first land suit were not in his office, the defendants offered to prove by *B. F. Lewis* that he had, at the request and instigation of the appellee, taken the papers from the *Jennings* to the *Switzerland* Circuit Court, but the court refused to admit the evidence. This was error. The proof offered tended to show that the papers were not lost; that they were in the power of the appellee, and were where he had placed them by his own act.

We think it was for the plaintiff to show that the restraining orders made by the Common Pleas judge, in vacation of the Circuit Court, related to some matter pending in the latter court. 2 G. & H., § 21, p. 25. The defendants were not estopped from showing a want of jurisdiction in the judge granting the orders over the subject matter of the suits. If the orders were void, they were no restraint on the plaintiff, and the undertakings were of no validity against the makers. The record, or a duly authenticated copy thereof, is the best evidence of the time of the commencement of the land suits, and is the only legal evidence of such fact, in the absence of proof of the destruction or non-existence of such record.

It is claimed that the execution of the undertaking mentioned in the first and second paragraphs of the complaint, not being denied under oath, is admitted as alleged. On the other hand, it is urged that an affidavit is not necessary, under the code, to put in issue the execution of a lost instrument; that as there can be no inspection given, the necessary means are not afforded to enable the adverse party to make the oath.

In the case of *Hill et al.* v. *Jones*, 14 Ind. 389, DAVIDSON, J., in delivering the opinion of this court, after setting out section 80 of the code, (2 G. & H., p. 105,) says: "We are referred to this statutory rule, but it is at least doubtful whether the rule applies at all to the case at bar. It seems right that a party should have inspection of the written instrument before he swears to the pleading which denies its execution, but such inspection cannot be had in cases where the suit is founded upon a lost note." The point, however, was left undecided.

In the case of *Cleveland* v. *Roberts*, 14 Ind. 511, this court held that a complaint on a promissory note averring the loss of the note, with an affidavit of its loss and contents, is sufficient without a copy of the note. If the loss is an excuse for not complying with section 78 of the code, we see no good reason why it is not also an excuse for not com-

plying with the latter clause of section 80. There being, then, an excuse, the party ought to stand as though that had been done which, in the absence of such excuse, he was by law required to do. But, under the issue, it was incumbent upon the plaintiff to prove all the material averments in the first and second paragraphs of the complaint, except the execution of the undertaking. *Kirkpatrick* v. *The State* 3 Ind. 521. As the instrument could not be produced, it was for the plaintiff to prove the contents thereof, after laying the proper foundation therefor.

·The appellant offered to prove, in mitigation of damages, that at the time of the commencement of the land suits, and at the time of obtaining the restraining orders, *Lucinda Ludlow* owned the land, timber and mill in controversy, and that the plaintiff had no right to cut the timber, nor to run the mill. The court ruled out the evidence. This was error. The code provides that in actions for the recovery of the possession of real property, and to determine conflicting claims thereto, "the plaintiff must recover on the strength of his own title." 2 G. & H., § 606, p. 284. In the case of *Smith* v. *Lisher*, 23 Ind. 500, it was held that where there was a final trial, in a replevin suit, and a judgment against the defendant for the return of the property, he cannot, in a suit upon the replevin bond for a failure to return the same, avoid a recovery of its value by showing that it was the property of a stranger. There is this obvious difference between that case and the one in judgment; in the former, the matter offered in mitigation was in issue in the original action, or might have been; in the latter, it was not in issue, and could not have been. But it is urged that *Parkhill* was answerable over to the owner of the land. We do not see how this would enable him to recover for being restrained from doing an act which would give a right of action in favor of a stranger. If *Parkhill* was not the owner of the property and had no right to its use, we do not see how he could be damaged by an order restraining him from committing a trespass, even if that trespass is against a stranger.

We do not feel bound to decide on all the reasons urged in support of the motion for a new trial. We have noticed the points which may be important in the future consideration of the case at bar. We think the court erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded to said court with directions to grant a new trial, and for further proceedings in accordance with this opinion.

*Harrington* and *Korbly*, for appellants.

*J. Sullivan* and *C. E. Walker*, for appellee.