No. 14,774.

ROBERTSON *v.* SMITH ET AL.

INJUNCTION.—*Action Upon Bond.—Invalidity of Bond.—When Injunction Plaintiff Estopped from Asserting.*—When a plaintiff files a complaint and bond, and procures an injunction to issue from a court of general jurisdiction, he is, when sued upon the bond, estopped to say that the court granting the injunction was without jurisdiction of the person of the defendant, and that therefore the bond is invalid, and no suit can be maintained upon it. *Jenkins* v. *Parkhill,* 25 Ind. 473, distinguished.

SAME.—*Recovery Upon Bond.—Measure of.—Attorney's Fees.*—In a suit upon an injunction bond, where it is shown that the suit in which the bond was filed asked relief other than an injunction, it is proper to allow attorney's fees, and like expenses, in so far as it relates to services rendered in resisting the making of the injunction, or in procuring its dissolution, although other matters may be involved in the litigation.

From the Marion Superior Court.

*W. H. H. Miller, F. Winter* and *J. B. Elam,* for appellant.

*T. L. Sullivan, A. Q. Jones* and *A. C. Harris,* for appellees.

MILLER, J. — The appellee Smith brought an action against the appellant in the Marion Circuit Court, in which he asked an injunction. In connection with the complaint a bond was filed by the appellees by which they obligated themselves to the defendant in the action for the payment of all damages and costs which might accrue by reason of the injunction or restraining order prayed for. Upon a hearing the court awarded an injunction until the further order of the court. The cause was appealed to this court, the judgment reversed and cause remanded, with instructions to the circuit court to dissolve the restraining order. *Robertson* v. *State, ex rel.,* 109 Ind. 79.

This action is upon the injunction bond to recover attorney's fees and other expenses incident to resisting the application for the injunction and procuring its dissolution.

The sole question in the case arises out of the ruling of

the court in overruling the demurrer to the third and fourth paragraphs of the answer. The fourth paragraph of answer is as follows:

" Fourth Paragraph: The defendants, for a further answer to plaintiff's complaint herein, say that they admit the execution of the bond or undertaking sued on in this cause, and of the granting of the injunction by said circuit court, as set out in said complaint, but defendant say that said circuit court had no jurisdiction over the person of said Robertson in said suit of Smith *v.* Robertson, and that the granting of said injunction was void, and that by reason thereof said bond or undertaking now sued on herein became and was wholly invalid."

The third paragraph is, in substance, the same, except that in addition to the facts set out in the first paragraph it avers that the sole object of the suit was not for the purpose of obtaining an injunction, but was for that and other relief, and that the expense and attorney's fees were, in part, incurred on account of the other relief sought in the action, and, therefore, not recoverable in this action.

The position of the appellees, who executed the injunction bond upon which the order was obtained, is that the bond is invalid, and that no recovery can be had upon it by the party against whom the injunction was granted, because the court had no jurisdiction over the person of the defendant.

While the appellant claims that having been brought into court and an injunction obtained, wrongfully, against him, he had a right to have it dissolved by the court, and that for his attorney's fees and other necessary expenses in so doing he has a cause of action upon the bond.

As the positions assumed by the counsel for both parties are in harmony upon the question of the want of jurisdiction in the circuit court to grant the injunction, and that the defendant in that action might have disregarded and treated it as absolutely void, we need not stop to discuss these matters.

Robertson *v.* Smith *et al.*

The question we must determine is whether the defendant in such action had the right to resist the making of the order and to apply to the courts for its dissolution, and after having successfully done so hold the plaintiff upon his bond for the necessary expense incurred in the proceeding.

If the contention of the appellees is the correct one, the position of a party against whom an injunction has been granted by a court of general jurisdiction is an embarrassing one. He must determine for himself whether the court has jurisdiction to make the order. If, in addition to the propositions of law involved, there are disputes concerning the place of his domicile, he must, at his peril, determine how that question of law and fact will ultimately be decided. If he concludes that the court has not jurisdiction, and disobeys its order, he will be fined and imprisoned for contempt. If, on the other hand, he concludes to obey the order, and leave it to the courts to determine the question of its validity, then, however much he may be injured by it, he has no remedy.

We have arrived at the conclusion that neither reason nor the weight of authority will compel a party litigant to occupy this anomalous position.

An injunction can not be granted without a bond. The agreement in the bond to pay damages resulting from it is clear and explicit. Damages must, from the nature of the case, result if the defendant is restrained from doing that which he has a right to do. He must resist the order, and must, by himself or counsel, defend himself against proceedings for contempt. He can not go his way as though no such order had been granted, however invalid and unauthorized it may be. It can not fairly be said that he has an election to disregard the order, for he is put in a position where he must vindicate his rights, one way or another, before a court.

This being true, it would seem remarkable that he should be required to do this at his own expense, when there is a

bond given for the very purpose of protecting him from the wrongful action of the court.

This view of the law is taken in *Walton* v. *Develing*, 61 Ill. 201, where it is said : " Counsel for appellees assumes that, if the writ was void—if the court had no jurisdiction—then there was no necessity to defend, or for a motion to dissolve the injunction. The bill was, in fact, pending, and the injunction had been issued. A party has an equal right to come into court to defend a void, as a valid, writ. * * * In this case the parties were liable to fine and imprisonment—they were under restraint until the court made an order to the contrary—and it was eminently proper that they should appear in court and make their defence."

In that case the cause was reversed, and the court below directed to hear the evidence upon the suggestion of damages.

In *Adams* v. *Olive*, 57 Ala. 249, this question is referred to as follows :

"It must not be inferred, however, that we mean to intimate that even if Judge Keils, who made the *fiat* that an injunction issue upon the execution of a proper bond, had no authority to make such an order, and the writ of injunction might therefore have been disregarded ; yet defendants who caused the writ to be wrongfully issued, and obtained the benefit of a delay thereby in favor of their principal, would be allowed to take advantage of their own wrong, and be released from the obligation of their bond. They could not be discharged from liability in such a case on that account."

In *Hanna* v. *McKenzie*, 5 B. Mon. 314, it is said : " The question then arises whether the bond, executed preparatory to, and, as alleged, as a condition precedent to obtaining the injunction from the Hickman Circuit Court, is void from the fact that *that* court was not authorized to enjoin a judgment in the general court. Although it is conceded that the circuit court was not authorized to enjoin the judgment of the general court, yet it possessed general chancery

jurisdiction, and with authority to grant injunctions, and an injunction awarded by it, even of a judgment in the general court, carried with it colorable authority.   Whether the defendants rendered the injunction, thus procured by them, available to delay and embarrass the plaintiff in the collection of his judgment does not appear.   But in the absence of all proof to the contrary, the presumption may be indulged that it had that effect, and was so intended.   But they obtained it with their eyes open and without any agency, or fault, or fraud on the part of the plaintiff.   They executed the bond without constraint, freely, voluntarily, and so far as appears, without any mistake or misapprehension as to the legal efficacy of the injunction, which they thereby obtained.   As said by this court in *Stevenson* v. *Miller*, 2 Litt. 310 :   ' We know of no statute, and are aware of no principle of the common law, which declares such a bond void.'   We think it would be unjust and iniquitous that it should be so held and treated.   But in the case of *Hoy* v. *Rogers*, 4 Mon. 225, a case strikingly analogous to this, this court held the bond to be valid."

In the case of *Cumberland, etc., Co.* v. *Hoffman, etc., Co.*, 39 Barb. 16, the court says :   " The want of jurisdiction of the court over the subject-matter of the action did not prevent the defendant from recovering costs, on the dismissal of the complaint ; nor does it deprive the defendants of the right to damages upon the undertaking given on the issuing of the injunction, when it was dissolved.   The court had sufficient jurisdiction over the parties to commence the action, although there was none over the subject-matter.   And in such a case I can see no reason why the defendants should not have the benefit of the undertaking filed for that purpose.   The plaintiff is estopped from denying jurisdiction. (2 Sand. S. C. Rep. 81)."

In *Bowne* v. *Mellor*, 6 Hill, 496, it was held that where an attachment, which was void, was issued, the defendant had

the right to either treat it as void, or elect to waive the irregularity and take his remedy on the bond.

In High on Injunctions, section 1652, it is said: "So want of jurisdiction in the court or officer granting an injunction constitutes no valid defence to an action upon the bond or to an assessment of damages after a dissolution. And an action may be maintained upon the bond although the bill for injunction was dismissed for want of prosecution. And where an injunction has been allowed to restrain proceedings under a judgment, while the want of jurisdiction in the court granting the writ may render the obligation void as a statutory bond, it will still be held good as a common-law obligation, the obligor having voluntarily given the undertaking and delayed the enforcement of the judgment."

We regard these authorities as establishing the proposition that when a plaintiff files a complaint and bond, and procures an injunction to issue from a court of general jurisdiction, he is, when sued upon the bond, estopped to say that the court granting the injunction was without jurisdiction.

They proceed upon the theory that it does not lie in the mouth of one who has affirmed the jurisdiction of a court in a particular matter to accomplish a purpose, to afterwards deny such jurisdiction to escape a penalty.

In speaking of this doctrine this court, in *Strosser* v. *City of Fort Wayne*, 100 Ind. 443 (452), says:

"This is strictly in consonance with the general doctrine of election. Bigelow says: 'A party can not either in the course of litigation or in dealings *in pais* occupy inconsistent positions; and where one has an election between several inconsistent courses of action he will be confined to that which he first adopts. Any decisive act of the party done with knowledge of his rights and of the facts determines his election and works an estoppel." Bigelow Estop. (3d ed.) 562. A strong illustration is furnished by the case of *Daniels* v. *Tearney*, 102 U. S. 415, where it was held that one

who had accepted benefits under a statute of Virginia passed under and in aid of the ordinance of secession, could not repudiate his act, although both the ordinance and the statute were unconstitutional and void."

The appellees cite and rely upon the case of *Jenkins* v. *Parkhill,* 25 Ind. 473.

That was an action brought upon two injunction bonds executed in causes in which a common pleas judge issued restraining orders during the vacation of the circuit court. In passing upon the sufficiency of the evidence, this court says: " We think it was for the plaintiff to show that the restraining orders made by the common pleas judge, in vacation of the circuit court, related to some matter pending in the latter court. 2 G. & H., section 21, p. 25. The defendants were not estopped from showing a want of jurisdiction in the judge granting the orders over the subject-matter of the suits. If the orders were void, they were no restraint on the plaintiff, and the undertakings were of no validity against the makers."

We have set out in the above extract all that part of the opinion relating to this subject. No authority is cited, and the question seems to have received little consideration, the attention of the court being chiefly attracted to other questions, which are fully considered. The case does not seem to be in accordance with the weight of authority ; but inasmuch as we do not regard it as strictly in point in this case, we refrain from an extended discussion of its soundness. In that case the defect in the jurisdiction of the court was want of jurisdiction of the subject-matter ; while the answers in this cause rely upon a want of jurisdiction over the person of the defendant.

This distinction is referred to by HOWK, J., in *Harbaugh* v. *Albertson,* 102 Ind. 69, where it was held that it was no defence to an action against a surety upon a replevin bond given in proceedings before a justice of the peace, that the justice was related to all the parties to the action. In the

opinion it is said : " It may be conceded that such justice of the peace, by reason of his alleged relationship to the parties to such action of replevin, had not and could not acquire jurisdiction of the persons of such parties. But it by no means follows from this concession that such justice did not have full and complete jurisdiction of the subject-matter of such action of replevin, and might not, therefore, take and approve such replevin bond therein."

In the same opinion it is said, quoting from *Carver* v. *Carver*, 77 Ind. 498: " The principal obligor tendered the bond in suit to the justice as being such as the law required, and thus secured the writ which put him in possession of the personal property of another. The plainest principles of justice require that neither he nor his sureties should be permitted to defend against the bond upon the ground that a sufficient penalty was not provided. * * * There can be no doubt that the case is one to which the doctrine of estoppel fully and justly applies." See, also, *Cunningham* v. *Jacobs*, 120 Ind. 306.

Whatever may be thought of the soundness of those cases that hold that the obligors of a bond filed in proceedings where the court has no jurisdiction of the subject-matter of the action, are not estopped to deny the jurisdiction of the court when sued on the bond, there is no question but that they are estopped where the want of jurisdiction is of the person of the defendant. The authorities all agree upon that proposition.

We are of the opinion that both the third and fourth paragraphs of answer are insufficient to withstand a demurrer.

The appellees, by a cross-assignment of error, question the sufficiency of the complaint; the claim being made under this assignment that the complaint shows that the suit in which the bond was filed asked relief other than an injunction, and that, in such case, attorney's fees, and like expenses, are not recoverable.

We are of the opinion that the correct rule is to allow at-

We are satisfied that the complaint states a cause of action for some amount, and the case not being before us in such condition as to make it proper to lay down the rule to be followed in fixing the damages to be recovered, we do not care to protract the discussion on this point.

The cause is therefore reversed, and remanded for further proceedings in accordance with this opinion.

