No. 1,647.

## The Rhodes-Burford Furniture Co. et al. *v.* Mattox.

PLEADING.—*Appeal.*—*Affirmance of Judgment.*—*Allegations as to.*— *Time Allowed for Rehearing.*—It is sufficient to make a complaint upon injunction bond good upon demurrer for want of facts if it allege that a judgment has been in all things affirmed by the supreme court, and that the amount claimed therein was due, without specifically alleging the expiration of the time allowed for a petition for a rehearing.

PRACTICE.—*Conclusions of Law.*—*Statement of Facts In Must Be Disregarded.*—Statements of fact cast into conclusions of law must be disregarded, and cannot be looked to in support of a contention that a restraining order was issued by the judge while court was in session.

INJUNCTION.—*Invalidity of.*—*Issuing by Judge When Court is in Session.*—*Action on Bond.*—*Estoppel.*—A party who procures a restraining order to be issued, which is regular on its face, and receives the full benefit to be derived from it, cannot defend against an action on the injunction bond for damages on the ground that the order was invalid because issued by the judge when his court was not in vacation.

From the Floyd Circuit Court.

*J. V. Kelso* and *C. D. Kelso*, for appellants.

*G. H. Hester*, for appellee.

GAVIN, J.—The appellants sued appellee before a justice of the peace to recover personal property. In that suit appellee recovered judgment for the return of the property and $10.00 damages. Execution issued for this sum, whereupon appellants brought suit in the Floyd Circuit Court against appellee and the constable to enjoin any levy or proceedings under said execution, in which action an order was issued on September 29, 1893, temporarily restraining appellee and the constable from enforcing the execution. On October 26 this order was

dissolved. A demurrer was afterwards sustained to the complaint and judgment rendered thereon. From this the appellants appealed to the supreme court where the judgment was affirmed. Thereupon appellee brought suit upon the injunction bond to recover attorney's fees incurred in procuring its dissolution. Appellants answered first, by general denial (as stated by the clerk; although no such answer is set out in the transcript we do not stop to consider the effect of its absence); second, specially.

The court heard the evidence and found the facts specially with its conclusions of law thereon and rendered judgment in favor of appellee for $60.00. From this judgment appellants seek relief in this court.

Counsel for appellants contend that the complaint was bad on demurrer for want of facts, because it failed to show by specific averment the expiration of the sixty days allowed for a petition for rehearing, after the affirmance of the cause in the supreme court. In this complaint it was averred that the judgment had been in all things affirmed by the supreme court and that the claim was due. Under the decision of this court in *Midland R. W. Co.* v. *Stevenson,* 6 Ind. App. 207, these allegations were sufficient to enable the complaint to withstand the demurrer and devolve upon the defendants the duty of pleading to it.

In arguing the exceptions to the conclusions of law, counsel urge the incorrectness of the conclusions because the facts found show that the restraining order was issued by the judge while court was in session.

It is sufficient answer to this to say that there is nothing in the finding of facts to sustain the assumption of counsel. There are, it is true, some statements in the conclusions of law which do support it, but statements of fact cast in the conclusions of law must be disregarded.

*Minnich* v. *Darling,* 8 Ind. App. 539 ; *Braden, Admr.,* v. *Lemmon,* 127 Ind. 9 ; *Jarvis* v. *Banta,* 83 Ind. 528.

Assuming without deciding that the restraining order was, upon the ground of its having been issued by the judge in term time, so irregular that it might have been disregarded by the parties against whom it was directed without incurring a liability to punishment for contempt, we are still of the opinion that the parties were not required to take this course.

The order appeared fair upon its face. There was nothing in the order itself to apprise those restrained of any illegality in its origin. It was such an one as that the supreme court says of it in *Rhodes, etc., Co.* v. *Mattox,* 135 Ind. 372, "an emergency was alleged in the complaint making it proper for the judge to, and he did, grant an emergency restraining order."

It is true our statute authorizes the court in term and the judge in vacation to grant such orders. Section 1161, R. S. 1894 ; section 1147, R. S. 1881.

Yet even courts of highest resort have not been in entire accord as to when it was vacation within the meaning of such statutes. By some, vacation is held to be only that period of time between the end of one term and the beginning of another. *Brayman* v. *Whitcomb,* 134 Mass. 525 ; Bouvier's Law Dict.

In Iowa it means such time as the court is not actually in session. *Thompson* v. *Benepe,* 67 Iowa, 79 ; see also Kinne's Law Dict. 677.

In Illinois it includes not the ordinary daily recess of the court, but an adjournment for a considerable period of time, such as three weeks. *Conkling* v. *Ridgely & Co.,* 112 Ill. 36.

In Anderson's Law Dict. the broader and more expanded meaning is recognized.

Since both lexicographers and courts disagree as to

what are the exact periods defined by the term vacation, we are of opinion that it would be manifestly unjust and inequitable to require a defendant, served with an injunction regular upon its face, to determine at his own hazard its validity, and assume the risk of defending also a proceeding for contempt of court.

It is a much more orderly procedure for him to appear regularly in court and by proper legal steps cause the order to be set aside and dissolved, as was done in this case. It comes with exceeding ill-grace from a plaintiff after having procured the order from the judge, caused it to be served on the constable and received the full benefit to be derived from it, to come into the court and say: "Oh, it was illegal. You should not have paid any attention to it."

*Jenkins* v. *Parkhill*, 25 Ind. 473, does indeed lend some support to appellant's position, but that decision was expressly discredited in the well-considered case of *Robertson* v. *Smith*, 129 Ind. 422. The principles of law and authorities there presented both justify and require our present holding.

The order expressly declares the approval of the bond and also provides that it shall be in force, not until October 15, as understood by counsel, but "until notice and the further order of the court."

The return of the constable shows that the levying of the execution was, in fact, restrained by the order. There is also evidence to justify a finding that the appellee was informed of the issuance of the order and appeared in court, waived notice, opposed a motion for its continuance, and then moved its dissolution.

It cannot therefore be correctly said that he was never sufficiently notified of the order to be required to regard it even if valid. Our conclusion is that no just cause

C., C., C. and St. L. R. W. Co. *v.* The Moline Plow Co. *et al.*

for reversal has been shown, but that the judgment of the trial court was eminently just and proper, and it is therefore affirmed.

Filed April 24, 1895. Petition for rehearing overruled September 27, 1895.