ALL MEMBERS OF AFL-CIO BUILDING TRADES COUNCIL OF MADISON CO. *v.* YOST CONSTRUCTION CO., INC.

[No. 768A123. Filed April 29, 1969. No petition for rehearing filed.]

*Edward J. Fillenwarth, Edward J. Fillenwarth, Jr.,* of Indianapolis, for appellants.

*Charles H. Scroggs,* of Indianapolis, *Marion W. Withers,* of Anderson, for appellee.

COOPER, J.—This is an appeal from an interlocutory order and judgment of the Superior Court of Madison County, Indiana, which temporarily enjoined the appellants herein, the defendants below, from picketing the appellee herein, the Yost Construction Co., Inc., at or in the immediate vicinity of a job site, namely, the 8th Street bridge project in the City of Anderson, Indiana.

The first thing we are confronted with in this appeal is the failure of the appellee to file a brief. It is the general rule of law in this state under such circumstances, that on appeal the appellate tribunal may and/or should reverse the cause appealed if the appellant's assignment of errors and brief make an apparent or prima facie showing of reversible error.

In the case of *Mucker, Adm., etc. v. Public Service Comm. of Ind.* (1959), 129 Ind. App. 455, 457, 157 N. E. 2d 308, it was stated:

> "It is well settled in Indiana that the neglect of the appellee to file a brief controverting the errors complained of by an appellant may be taken, or deemed to be a confession of such error, or errors, and that the judgment may accordingly be reversed and the cause remanded without prejudice to either party. This rule was not declared in the interests of an appellant but for the protection of the Supreme or Appellate Courts, in order to relieve said courts of the burden of controverting the arguments and contentions advanced by appellant for reversals where such duty properly rests upon counsel for the appellee . . ."

See also, Wiltrout, Indiana Practice, Vol. 3, Sec. 2682, and authorities cited therein. As will hereinafter be pointed out, we are of the opinion that the appellants' assignment of errors and brief have made a prima facie showing of reversible error.

The record now before us reveals that the appellants entered a special appearance for the purpose of questioning the jurisdiction of the trial court over the defendants named in the complaint, namely, "All Members of the A.F.L.-C.I.O. Building Trades Council of Madison County". The appellants argue in their brief that the foregoing named defendant "is not a legal entity and cannot be sued in its own name as such, and neither can it be sued by designating in the caption of the complaint, a general reference to "all members" without naming and designating one or more individual members by name in the complaint, as such members and

as representatives of all the members of the association." Therefore the question presented to the trial court, and to this court on appeal is, can an unincorporated association of numerous persons, without any express statutory authorization, sue or be sued in the association name?

The general rule applicable is found in the case of *Lafayette Chapter of Property Owners Ass'n. v. City of Lafayette et al.* (1957), 129 Ind. App. 425, 157 N. E. 2d 287, at p. 430:

"It is the general rule of law that if an association, like a corporation, is created by the legislative authority and endowed with certain rights and obligations, it is recognized by the law as an artificial person possessed of the right to sue and be sued. *On the other hand, the rule as stated by our Supreme Court in the case of Karges Furniture Co. v. Amalgamated, etc., Union* (1905), 165 Ind. 421, 423, 424, 75 N. E. 877, is:

'. . . in the absence of an enabling statute defining the rights and liabilities of the members, societies, associations, partnerships, and other bodies, combined under their own rule, for their own private benefit, and without any express sanction of law, are not, in the collective capacity and name, recognized at common law as having any legal existence distinct from their members; hence no power to sue or be sued in the company name. Such unincorporated associations, so far as their rights and liabilities are concerned, are rated as partnerships, and to enforce a right either for or against them, as in partnerships, the names of all the individual members must be set forth either as plaintiffs or defendants. *Hays v. Lanier* (1933), 3 Blackf. p. *322; *Hughes v. Walker Carter & Co.* (1835), 4 Blackf. 50; *Holland v. Butler* (1839), 5 Blackf. 255; *Livingston v. Harvey* (1858) 10 Ind. 218; *Adams Express Co. v. Hill* (1873), 43 Ind. 157; *Pollock v. Dunning* (1876), 54 Ind. 155, 22 Ency. Pl. and Pr. 230, 242, and cases collated.'

"See also § 7.24, p. 182, and § 8.11, p. 227, Lowe's Revision of Works' Indiana Practice and Pleading, Vol. 1, and authorities cited, 4 Am. Jur., § 46."

Therefore, under the foregoing rule, "All Members of the A.F.L.-C.I.O. Building Trades Council of Madison County"

is not a recognized legal entity, possessed with the right to sue or be sued as such. It necessarily follows that the Court below did not have legal jurisdiction over the persons of the named defendants.

Where, as the record in this cause discloses, there are many members too numerous and impracticable to all be named individually, as either party plaintiffs or defendants, such cause should be brought or defended pursuant to Sections 2-219 and 2-220, Burns' Indiana Statutes. This procedure was not followed in this cause.

It is our opinion, therefore, that "All Members Of The A.F.L.-C.I.O. Building Trades Council of Madison County" is not a legal entity under the existing laws of the State, and as a result, the Madison Superior Court had no jurisdiction over the persons of the defendants, and could not. therefore legally and lawfully issue the temporary injunction. Since the court had no jurisdiction over the defendants, this cause must be reversed and remanded.

It is not necessary for us to pass upon the other errors assigned. However, we may say in passing that we note that the undisputed evidence in the record before us discloses that the appellee herein, plaintiff below, was engaged in interstate commerce, and there appears to have been a labor dispute involved. It is our considered opinion that under such circumstances, this places this cause within the principle of law as decided by this Court in the case of *Teamsters Local #297 Etc. v. Air-Flow Sheet Metal Inc., etc.* (1968), 143 Ind. App. 322, 240 N. E. 2d 830.

For the reasons hereinabove stated, this cause is remanded to the Madison Superior Court with instructions to dissolve the temporary injunction heretofore issued and for further proceedings in accordance with this opinion.

Costs v. Appellee.

Lowdermilk, P.J., Carson and Sullivan, J.J., concur.

NOTE.—Reported in 246 N. E. 2d 771.