ALL MEMBERS OF THE AFL-CIO BUILDING TRADES COUNCIL OF MADISON COUNTY, (TO BE SERVED ON ROBERT MITCHELL, PRESIDENT OF THE MADISON COUNTY BUILDING TRADES COUNCIL) ALSO KNOWN AS MADISON COUNTY BUILDING TRADES COUNCIL, AFL-CIO *v.* YOST CONSTRUCTION COMPANY, INC., AN INDIANA CORP.; YOST GRAVEL-READYMIX, INC., AN INDIANA CORP.; YOST COMPANIES, INC., AN INDIANA CORP.; UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION.

[No. 2-873A180. Filed September 25, 1975.]

*Edward J. Fillenwarth, Fillenwarth & Fillenwarth,* of Indianapolis, for appellant.

*Stephen E. Kewis, Snouffer, Haller & Colvin,* of Fort Wayne, *Daniel C. Burry, Smith & Burry* of Decatur, for appellee.

WHITE, J.—On appellees' (the Company's) motion, appellant's (the Union's) amended complaint for damages for breach of an injunction bond was dismissed under TR. 12 (B) (6) for failure to state a claim upon which relief can be granted, in that (1) the enjoining court being without jurisdiction, the proceedings, including the injunction bond and the injunction were void, and (2) the Union is estopped to assert liability on the bond because it had asserted, in the appeal from the injunction, and the Appellate Court held, that "All members of the AFL-CIO BUILDING TRADES COUNCIL OF MADISON COUNTY" (the obligee of the bond) was not a recognized legal entity. Finding these reasons invalid,

and perceiving no other basis on which we can affirm the judgment of dismissal, we reverse.

The present litigation was fathered by the Appellate Court's opinion in *All Members of AFL-CIO Building Trades Council of Madison County* v. *Yost Construction Co., Inc.* (1969), 144 Ind. App. 433, 246 N.E.2d 771, 17 Ind. Dec. 329, which (1) held that " 'All members of the A.F.L.-C.I.O. Building Trades Council of Madison County' is not a recognized legal entity, possessed with the right to sue or be sued as such. . . . [Therefore,] the court below did not have legal jurisdiction over the persons of the named defendants", and (2) noted in passing "that . . . plaintiff below [Company], was engaged in interstate commerce and . . . [there was] a labor dispute . . . which places this cause within the principle . . . of *Teamsters Local #297 etc.* v. *Air-Flow Sheet Metal, Inc., etc.* (1968), 143 Ind. App. 322, 240 N.E.2d 830." (The said *Teamsters* case held that Congress had preempted the field of labor relations in interstate commerce with the National Labor Relations Act and therefore the Allen Superior Court lacks jurisdiction of the subject matter.)

On January 1, 1970, some eight months after the above cited *All Members of AFL-CIO, etc.* v. *Yost Construction Co., Inc.* was handed down, the Indiana law with respect to unincorporated organizations as parties to lawsuits was radically changed by Trial Rule 17(B) and 17(E), Indiana Rules of Procedure, which became effective January 1, 1970. Those rules read:

"(B) Capacity to sue or be sued. The capacity of a party to sue or be sued shall be determined by the law of this state, including its conflicts rules, except that a partnership or unincorporated association may sue or be sued in its common name.

\* \* \*

"(E) Partnerships and unincorporated associations. A partnership or an unincorporated association may sue or

be sued in its common name. A judgment by or against the partnership or unincorporated association shall bind the organization as if it were an entity. A money judgment against the partnership or unincorporated association shall not bind an individual partner or member unless he is named as a party or is bound as a member of a class in an appropriate action (Rules 23 and 23.2)."

After these new rules had been in effect more than eight months the case now here on appeal was filed below. Company (i.e., the appellees) tacitly concedes that the style in which Union named itself as plaintiff below is authorized by the above quoted rules but argues, without citation of authority, "that the Defendant [sic] should be estopped from denying its existence and then to assert its existence". The only reason stated is: "In all justice, the Union should be estopped from having its favorable ruling in one lawsuit based upon its non-existence, which lawsuit was also decided under all pleadings and appearance procedures and then assert its existence using a different set of rules to gain credibility".

We fail to see any injustice in parties to lawsuits demanding compliance by the parties opposing them with the rules of procedure as they exist at the time, and then later when those rules are changed, acting in conformity with the changed rules. Furthermore, there is no showing of inconsistency between the position taken by the Union in the first lawsuit and in this lawsuit. It appears from the opinion of the Appellate Court that in the first case:

". . . the appellants entered a special appearance for the purpose of questioning the jurisdiction of the trial court over the defendants named in the complaint, namely, 'All Members of the A.F.L.-C.I.O. Building Trades Council of Madison County.' The appellants argue in their brief that the foregoing named defendant 'is not a legal entity and cannot be sued in its own name as such, and neither can it be sued by designating in the caption of the complaint, a general reference to "all members" without naming or designating one or more individual members by name in the complaint, as such members and as representatives of all

members of the association.' Therefore the question presented to the trial court, and to this court on appeal is, can an unincorporated association of numerous persons, without any express statutory authorization, sue or be sued in the association name?" (144 Ind. App. at 435, 246 N.E.2d at 772.)

The Appellate Court correctly answered that question in the negative and added: "Where, as the record in this case discloses, there are many members too numerous and impracticable to all be named individually, as *either party plaintiffs or defendants,* such cause should be *brought or defended* pursuant to Sections 2-219 and 2-220, Burns' Indiana Statutes." (144 Ind. App. at 437, 246 N.E.2d at 773. Emphasis added.)

If the new rules of procedure had never been adopted this present lawsuit could nevertheless have been brought, under the old statutory rules above cited by the Appellate Court. The new rules gave Union no new right, merely a new procedure which may be easier and safer than the old. It may be ironic that Union is now able to proceed in a manner which was illegal for Company when Company tried it, but irony is not injustice no matter how psychologically painful it may be to those who consider themselves its victims.

The theory of the trial court (and the Company) that no action on this particular injunction bond will lie has its genesis in the ancient (and since discredited) reasoning stated in *Jenkins* v. *Parkhill* (1865), 25 Ind. 473, 477 (also an action on an injunction bond) thus: "If the [restraining] orders were void, they were no restraint on the plaintiff, and the undertakings [bonds] were of no validity against the makers."

In *Rhodes-Burford Furniture Co.* v. *Mattox* (1895), 13 Ind. App. 221, 223, 40 N.E. 545, the defense to a suit on an injunction bond was that the restraining order was issued by the judge (not by the court) when the court was in term, not on vacation, and the order was therefore void. Of that defense the court said:

"Assuming without deciding that the restraining order was, upon the ground of its having been issued by the judge in term time, so irregular that it might have been disregarded by the parties against whom it was directed without incurring a liability to punishment for contempt, we are still of the opinion that the parties were not required to take this course.

\* \* \*

"It comes with exceeding ill-grace from a plaintiff after having procured the order from the judge, caused it to be served on the constable and received the full benefit to be derived from it, to come into the court and say: 'Oh, it was illegal. You should not have paid any attention to it.'

"*Jenkins* v. *Parkhill*, 25 Ind. 473, does indeed lend some support to appellant's position, but that decision was expressly discredited in the well-considered case of *Robertson* v. *Smith*, 129 Ind. 422. The principles of law and authorities there presented both justify and require our present holding."

In *Robertson* v. *Smith* (1891), 129 Ind. 422, 28 N.E. 857, 15 L.R.A. 273, which the above quoted *Rhodes-Burford* case notes "expressly discredited" *Jenkins* v. *Parkhill, supra,* the court had before it a suit on an injunction bond posted in a case in which the enjoining court had no jurisdiction over the person of the defendant it enjoined, i.e., the plaintiff in the suit on the bond. The court said:

"If the contention of the appellees [that since the granting of the injunction was void the bond now sued on was also void] is the correct one, the position of a party against whom an injunction has been granted by a court of general jurisdiction is an embarrassing one. He must determine for himself whether the court has jurisdiction to make the order. If, in addition to the propositions of law involved, there are disputes concerning the place of his domicile, he must, at his peril, determine how that question of law and fact will ultimately be decided. If he concludes that the court has not jurisdiction, and disobeys its order, he will be fined and imprisoned for contempt. If, on the other hand, he concludes to obey the order, and leave it to the courts to determine the question of its validity, then, however much he may be injured by it, he has no remedy.

"We have arrived at the conclusion that neither reason nor the weight of authority will compel a party litigant to occupy this anomalous position.

"An injunction can not be granted without a bond. The agreement in the bond to pay damages resulting from it is clear and explicit. Damages must, from the nature of the case, result if the defendant is restrained from doing that which he has a right to do. He must resist the order, and must, by himself or counsel, defend himself against proceedings for contempt. He can not go his way as though no such order had been granted, however invalid and unauthorized it may be. It can not fairly be said that he has an election to disregard the order, for he is put in a position where he must vindicate his rights, one way or another, before a court.

"This being true, it would seem remarkable that he should be required to do this at his own expense, when there is a bond given for the very purpose of protecting him from the wrongful action of the court." (129 Ind. at 424-5.)

The *Robertson* court then proceeds to review many cases from other jurisdictions and "High on Injunctions", section 1652, and then continues:

"We regard these authorities as establishing the proposition that when a plaintiff files a complaint and bond, and procures an injunction to issue from a court of general jurisdiction, he is, when sued upon the bond, estopped to say that the court granting the injunction was without jurisdiction.

"They proceed upon the theory that it does not lie in the mouth of one who has affirmed the jurisdiction of a court in a particular matter to accomplish a purpose, to afterwards deny such jurisdiction to escape a penalty. [129 Ind. at 427.]

\* \* \*

"The appellees cite and rely upon the case of *Jenkins* v. *Parkhill*, 25 Ind. 473.

"That was an action brought upon two injunction bonds executed in causes in which a common pleas judge issued restraining orders during the vacation of the circuit court. In passing upon the sufficiency of the evidence, this court says: 'We think it was for the plaintiff to show that the restraining orders made by the common pleas judge, in

vacation of the circuit court, related to some matter pending in the latter court. 2 G. & H., section 21, p. 25. The defendants were not estopped from showing a want of jurisdiction in the judge granting the orders over the subject-matter of the suits. If the orders were void, they were no restraint on the plaintiff, and the undertakings were of no validity against the makers.'

"We have set out in the above extract all that part of the opinion relating to this subject. No authority is cited, and the question seems to have received little consideration, the attention of the court being chiefly attracted to other questions, which are fully considered. The case does not seem to be in accordance with the weight of authority; but inasmuch as we do not regard it as strictly in point in this case, we refrain from an extended discussion of its soundness. In that case the defect in the jurisdiction of the court was want of jurisdiction of the subject matter; while the answers in this cause rely upon a want of jurisdiction over the person of the defendant." (129 Ind. at 428.)

The court then cited *Harbaugh* v. *Albertson* (1885), 102 Ind. 69 (wherein it was held that it was no defense to an action against a surety upon a replevin bond that the justice of the peace before whom it was posted was related to all the parties to the action, and therefore had no jurisdiction of their persons, but did have jurisdiction of the subject-matter of the replevin action) for the principle that there is a distinction as to the validity of bonds given in cases in which the court lacks jurisdiction of the person (where the bonds are enforceable) and cases of want of jurisdiction of the subject-matter (where Indiana cases have held that the bond is void, e.g., *Caffrey* v. *Dudgeon* (1872), 38 Ind. 512, 10 Am. R. 126.) The *Robertson* court then concluded:

"Whatever may be thought of the soundness of those cases that hold that the obligors of a bond filed in proceedings where the court has no jurisdiction of the subject matter of the action, are not estopped to deny the jurisdiction of the court when sued on the bond, there is no question but that they are estopped where the want of jurisdiction is of the person of the defendant. The authorities all agree upon that proposition." (129 Ind. at 429.)

Our research indicates that we can now say that, with very few exceptions, principally those very old Indiana cases, the authorities all agree that want of jurisdiction, whether of the subject-matter or of the person, is not a defense to a suit on an injunction bond. See cases cited in Annotation, 82 A.L.R.2d 1064, and in "Injunctions", § 379, 42 Am. Jur.2d 1197. We believe that the Indiana Appellate Court established that principle for Indiana eighty years ago in *Rhodes-Burford Furniture Co.* v. *Mattox, supra,* (13 Ind. App. 221, 40 N.E. 545) and we now reaffirm that holding. We also hold that the doctrine of estoppel which *Robertson* v. *Smith, supra* (129 Ind. 422, 28 N.E. 857) so eloquently applied to cases of lack of jurisdiction of the person is equally applicable in cases wherein the injunction is subsequently held invalid for want of jurisdiction of the subject matter.

To sustain Company's TR. 12 (B) (6) motion to dismiss the court below must have concluded that upon no state of facts provable under Union's amended complaint could Union recover judgment.[1] In holding, as we do, that conclusion is erroneous, we are not holding that Union's complaint alleges all the facts essential to recovery of a judgment in its favor. All we hold is that neither the facts of record in the Appellate Court's opinion in the prior injunction proceedings, nor the rules of law therein laid down, render it impossible for Union, under the allegations of *its* amended complaint, and under the rules of procedure adopted since that opinion was handed down, to prove a state of facts upon which *it* could recover judgment.

The judgment of the Wells Circuit Court is reversed and the cause is remanded with instructions to overrule the appellees' motion to dismiss appellant's amended complaint and for

---

1. *Sacks, et al* v. *American Fletcher National Bank and Trust Company* (1972), 258 Ind. 189, 279 N.E.2d 807.

further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded with instructions.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 333 N.E.2d 892.