[No. 1249.]

JOHN H. KINKEAD et al., Appellants, v. J. M. BENTON et al., Respondents.

Undertaking—State Officers—Individuals—No Privity.—An injunction suit was prosecuted for the purpose of restraining the present plaintiffs, as state officers, from exercising the authority, given by the statute,

for the construction of an insane asylum. The present action is brought to recover the amount of the undertaking in the injunction suit from the sureties thereon—by the plaintiffs as individuals, and not in their official capacity as state officers: *Held,* that there is no privity between plaintiffs as individuals, and the sureties on the undertaking, and that no recovery can be had in the present action.

APPEAL from the District Court of the First Judicial District, Storey County.·

The facts are stated in the opinion.

*W. E. F. Deal,* for Appellants:·

*C. S. Varian* and *Trenmor Coffin,* for Respondents:

By the Court, BELKNAP, J.:

This action is brought to recover from the defendants as obligors upon a statutory undertaking given in consideration of the issuance of an injunction. A demurrer to the complaint, both general and special, was interposed and sustained. Plaintiffs declined to amend, and judgment was entered against them. The complaint alleges " that the said plaintiff John H. Kinkead was the governor of the state of Nevada from the first Monday of January, 1879, to the first Monday of January, 1883; that said plaintiff J. F. Hallock was, for the same period, controller of said state, and that said plaintiff L. L. Crockett was, for the same period, treasurer of said state; that on the fourth day of May, 1881, in an action brought by Jacob Klein against said plaintiffs, as such governor, controller, and treasurer, in the district court of the second judicial district of the state of Nevada, in and for the county of Ormsby, an injunction issued out of said last-named court, and was served on said plaintiffs, as such officers, enjoining and restraining them from taking any moneys from the state school fund of said state of Nevada for the purpose of constructing or furnishing any buildings to be used as an asylum for the insane, or for providing plans therefor, and enjoining and restraining the plaintiff J. F. Hallock, as such controller, from drawing any warrant against the fund created by the act of the legislature of the state of Nevada, entitled ' An act to provide for the taking care of the insane of the state of Nevada,' approved February 24, 1881, and enjoining and restraining said plaintiff L. L. Crockett, as state

treasurer, from paying any such warrants, and enjoining and restraining said plaintiffs, as such officers, from signing, countersigning, or depositing in the state school fund or the state treasury any of the four per cent bonds mentioned in said act, and enjoining and restraining them, as such officers, from doing any act whatsoever in and about the premises."

The condition of the obligation is, that the plaintiff will pay to the parties enjoined such damages, not exceeding the sum of five hundred dollars, as they may sustain by reason of the injunction, if the court finally decide that plaintiff was not entitled thereto. The injunction suit was prosecuted for the purpose of restraining the present plaintiffs, as state officers, from exercising the authority conferred upon them by the law directing the construction at Reno of an asylum for the insane. The plaintiffs have brought the present action unofficially and as individuals. They were not sued in their private capacity, and the obligation does not run to them as individuals. There is no privity between them and the obligors, and no recovery can be had. Judgment affirmed.