CASE 68—PETITION ORDINARY—JANUARY 7.

# New National Turnpike Co. v. Dulaney, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

DAMAGES ON INJUNCTION BOND—ATTORNEY'S FEES.—Where an injunction is merely ancillary or in aid of the relief sought, or is relied on to secure the relief when obtained, or to prevent the commission of a wrongful or tortious act that would result in irreparable injury before the termination of the prime cause of action, a recovery may be had on the bond for the payment of reasonable counsel fees when the defendant has succeeded in dissolving the injunction; but where the injunction is the relief sought, and, in fact, gives the relief if sustained, no recovery for counsel fees can be had.

A petition was. filed by appellees enjoining proceedings in the county court to condemn a right of way through their land for a turnpike road. A demurrer to the petition was filed and sustained, the injunction dissolved, and the petition dismissed. In this action upon the injunction bond to recover counsel fees alleged to have been paid for the purpose of having the injunction dissolved, Held—That no such recovery can be had. While it is admitted that the counsel were employed to have the injunction dissolved, yet the merits of the case had to be considered as much as if the case had progressed upon proof to a final termination.

New National Turnpike Co. v. Dulaney, &c.

C. B. SEYMOUR, BARNETT, NOBLE & BARNETT FOR APPELLANT.

1. Counsel fees for services in procuring the dissolution of a temporary injunction should be allowed to be recovered as damages on the bond. (5 Ky. Law Rep., 691, May v. Deposit Bank; 6 Ky. Law Rep., 661, Reading v. Davis.)

P. B. MUIR FOR APPELLEES.

A bond for an injunction conditioned for the payment of the "damages" does not embrace attorney's fees, and no recovery can be had therefor on the bond. (14 B. M., 497, Burgen v. Sharer.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The National Turnpike Company and the Jefferson and Bullitt Turnpike Company instituted proceedings in the Jefferson County Court to condemn a right of way for a turnpike road through land owned by the appellees.

A petition was filed by the appellees in the Louisville Law and Equity Court enjoining that proceeding, to which a demurrer was filed by the appellants, that was sustained, the injunction dissolved, and the petition dismissed. The appellees, in order to obtain the injunction, executed the following bond : " We undertake that the plaintiffs, W. H. Dulaney, Jno. T. Moore, Charles Bremaker and Delaney E. Stark shall pay to the defendants, the National Turnpike Road Company and the Jefferson Turnpike Company, the damages, not exceeding twenty-five hundred dollars, which they may sustain by reason of the injunction in this action, if it is finally decided that said injunction ought not to have been granted."

The present action was instituted on this bond, and the damages sustained by reason of the injunction sought to be recovered. It is claimed in the petition that the plaintiffs had paid counsel fees for the pur-

pose of having the injunction dissolved to the amount
of two hundred dollars, and the sole question presented
by the appeal is, can counsel fees be claimed and recov-
ered as damages under the stipulations of the injunc-
tion bond.

The court below adjudged, on a demurrer to the peti-
tion, that no such recovery could be had, and in that
conclusion we must concur. The case of Burgen v.
Sharer, 14 B. M., 497, is conclusive of the present case,
as it determines directly the question involved.

The rule is, that when the attachment or injunction
is merely ancillary or in aid of the relief sought, or is
relied on to secure the relief when obtained, or to pre-
vent the commission of a wrongful or tortious act that
would result in irreparable injury before the termina-
tion of the prime cause of action, then a recovery may
be had on the bond for the payment of reasonable coun-
sel fees when the defendant has succeeded in discharg-
ing the attachment or dissolving the injunction ; but, on
the contrary, when the injunction is the relief sought,
and, in fact, gives the relief if sustained, no recovery
for counsel fees can be had, and as said in Burgen v.
Sharer, the injunction preventing the parties from pro-
ceeding to open or condemn the *way*, the only injury
was the deprivation of its use in consequence of the
injunction. The only damage that can be recovered
in this class of cases "*is such as results from the
operation of the injunction itself.*"

An attachment is generally, and perhaps always, in
aid of the original cause of action, and issues to secure
the relief when obtained. It may be issued to secure
the payment of the debt when reduced to judgment.

The obligor may admit the debt and yet deny the grounds for the attachment. In such a case, if the plaintiff fails to make out the grounds, the defendant, although a judgment for the debt is rendered, may sue on the attachment bond and recover attorney's fees paid, if reasonable, in order to have the attachment discharged.

So in case of an injunction, where the widow asserts her right to dower and obtains an injunction to stay waste, the right to dower may be conceded or litigated ; and if it turns out that the injunction was improperly granted and is dissolved, a recovery may be had for the attorney's fees arising from the employment to dissolve the injunction. Injunctions, therefore, like attachments, when dissolved, and are obtained as ancillary to an original proceeding, the obligors on the injunction bond are liable for a reasonable attorney's fee. To this extent the doctrine has been carried by this court as to the measure of recovery on attachment and injunction bonds, but no further.

If the debtor enjoins the collection of an execution by reason of payment since the judgment, the injunction being the relief the plaintiff seeks and is entitled to, and not ancillary to some other proceeding, the obligors are liable for the debt, interest and costs, and the damages, not exceeding ten per cent., and no attorney's fee can be taxed, except such as is allowed in ordinary actions by the statute against the defendant. The Code in fact fixes the damages to stay proceedings on a judgment, to be assessed, by the judge at the dissolution, and they are not to exceed ten per cent. on the amount enjoined. And if the delivery of property has been

delayed, the value of the use, hire or rent thereof shall be assessed. (Section 295, Civil Code.)

Such are the damages and none other when the injunction is the relief asked for, and the Code has but followed the decisions rendered on the subject.

It is only where the writ of attachment or injunction has been resorted to, in order to make a remedy already adopted the more effectual, that extraordinary costs are allowed. Although connected with the original proceeding, it is made independent of and disconnected from them, so far as the question of costs and expenses are concerned, because the plaintiff compels the defendant not only to resist the original cause of action, but another and distinct cause of relief in aid of it. Not so where the injunction is in fact the only relief sought in the original proceeding; and this is the plain distinction recognized in the case of Burgen v. Sharer. In that case the defendant was about to proceed to open a road, as in this case, and an injunction obtained by the plaintiff restraining him from passing over the plaintiff's land. A bond like the one in this case was executed, and the question was made as to the liability of the obligors for attorney's fees.

It is immaterial that the injunction was merely preliminary; that is, to operate until the matters alleged in the bill could be determined. It was the relief sought, and the final judgment, if for the plaintiff, would have been rendered perpetuating the injunction. The injunction is the remedial right sought to be attained, and in such a case no counsel fees will be allowed. The facts alleged were not deemed sufficient to authorize the preliminary injunction, and the case

was, therefore, disposed of on its merits. It is true that in the present action on the bond it is alleged that the employment made was to have the injunction dissolved, but in order to do this the merits of the case, that is, the facts upon which the injunction was obtained, had to be considered, as much so as if the case had progressed upon proof to a final termination. The admission by the demurrer that the attorneys for the defense were employed for a particular purpose was not an admission that the fees paid constituted to that extent the damages the appellants had sustained by reason of the injunction.

This was an injunction restraining the party from proceeding until the case could be heard and determined, or until the further order of the court. It is not distinguishable from Burgen v. Sharer, and the damage the plaintiffs can recover "is only such as re¹ sulted from the operation of the injunction itself." When the original action is for an injunction, that being the relief the plaintiff becomes entitled to if successful, the case is then like any other ordinary or equitable proceeding as to the question of costs. No extraordinary costs can be allowed or recovered, but the defendant may look to the bond of the plaintiff to recover the damages he has sustained by reason of being deprived of the use of his property, or the assertion of some other right that the injunction for the time being has prevented him from exercising. We perceive no reason for adopting a different rule as to the measure of damages so long adopted and recognized by this court, and the judgment below is now affirmed.