CASE 14—ACTION ON INJUNCTION BOND—MARCH 10.

# Tyler & Apperson v. Hamilton, &c.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF'S APPEAL. AFFIRMED.

RECOVERY OF ATTORNEY'S FEES AS DAMAGES—OFFER TO CONFESS JUDGMENT.

Held: 1. Plaintiffs brought suit against the defendants, Tyler & Apperson, to enjoin them from bringing suit against them on certain claims, which they alleged the defendants had agreed with them to submit to a third party as sole arbitrator. The injunction was not *ancillary*, but was the *relief sought*, and in such case, in an action on the injunction bond, no recovery can be had for attorney's fees, nor for extraordinary expenses in defending the action.

2. The defendants gave notice to the plaintiffs that they would confess judgment for $100. The offer was never accepted, and, subsequently, the court sustained a demurrer to the petition and dismissed it, and from that judgment this appeal is prosecuted. If the defendants did not owe any of the claims in suit, it was not prejudicial to the rights of the plaintiffs to adjudge they were not entitled to recover (Civil Code, sec. 640).

WILLIAM H. HOLT, ATTORNEY FOR APPELLANT.

1. After an offer of record to confess a judgment for a certain sum, a court should not hold that there is no liability.

2. If an injunction, in aid of, or ancillary to other relief sought in an action, be dissolved, the costs, including an attorney's fee, of defending against the injunction are recoverable upon the injunction bond.

### CITATIONS.

86 Ky., 516, 1 J. J. Marshall, 501, Lewis v. Hoover.

ED C. O'REAR, ATTORNEY FOR APPELLEES.

### POINTS AND AUTHORITIES.

1. INJUNCTION—DAMAGES ON DISSOLUTION OF.—Attorneys' fees do not constitute any part of the damages recoverable upon the dissolution of an injunction, if the injunction be the object of the suit and not merely ancillary.

Burgen v. Shaver, 14 B. Mon., 497.

Tyler & Apperson v. Hamilton, &c.

New Nat'l T. P. Co. v. Dulaney, 9 Ky. Law Rep., 697.
Reading, &c., v. Davis, 6 Ky. Law Rep., 661.
Boyd v. Chambers, 9 Ky. Law Rep., 56. .
Bemis v. Spalding, 9 Ky. Law Rep., 764.
9 Ky. Law Rep., 971.

2. OFFER TO CONFESS JUDGMENT.—Will not prejudice any legal right of the proposer, if rejected.  Sec. 640, Civil Code.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

Tyler & Apperson are a firm of lawyers, and had rendered professional services for George G. Hamilton and J. Carroll Hamilton, etc., and to them as executors of the will of H. Worthington. Disagreeing as to the value of the services, the parties agreed in writing to submit the matters at issue to John G. Winn, as sole arbitrator, for settlement and determination. Tyler & Apperson gave the Hamiltons notice that they would not submit the questions to the arbitrator under the agreement, and thereupon the appellees instituted an action in the Franklin Circuit Court, in which it was averred, among other things, that Tyler & Apperson were threatening to institute suits against them on the claims which, by agreement, were to be submitted to arbitration, and in which action they obtained an injunction restraining them from instituting such suits. Upon hearing, the injunction was dissolved; not because such a contract had not been entered into, but on the ground that one party to an agreement to arbitrate may at will, and with or without reason or excuse, break it. This is an action upon the injunction bond executed in that case, and the plaintiffs seek to recover $500, which they allege they agreed and bound themselves to pay their counsel for legal services in procuring the dissolution of the injunction, and $54.11 for typewriting, hotel bills, and traveling expenses, etc., being expenses other than actual costs in court.

The rule is, when an injunction is merely ancillary, or in
aid of the relief sought, or is relied on to secure the re-
lief when obtained, etc., a recovery may be had on the
bond for the payment of reasonable attorney fees when
the defendant has succeeded in dissolving the injunction;
but this court said in Turnpike Co. v. Dulaney, 86 Ky.
518, (6 S. W. 590): "When the injunction is the relief
sought, and in fact gives the relief if sustained, no recov-
ery for counsel fees can be had, and, as said in Burgen v.
Sharer, 14 B. Mon. 497, the injunction preventing the par-
ties from proceeding to open or condemn the way, the
only injury was the deprivation of its use in consequence
of the injunction. The only damage that can be recovered
in this class of cases 'is such as results from the operation
of the injunction itself.'" The question presented in this
case is, was the injunction which the Hamiltons obtained
the relief sought? It is averred in the petition that the
contract of arbitration was in the possession of Tyler &
Apperson, and they asked that they be compelled to de-
liver the original to the arbitrator; if not, that the copy
presented by plaintiff be adjudged a true one, and suffi-
cient for the arbitration. The purpose of obtaining the
injunction was to prevent the institution of sundry suits
against them by Tyler & Apperson on their claims which
the parties agreed should be submitted to the arbitrator
for settlement and determination. To sustain the injunc-
tion, if it could be done at all, it was, of course, essential
that the contract between the parties should be presented
to the court for its consideration,—if not, a copy of it—
that the court might know the exact terms of the agree-
ment between the parties. The plaintiffs had no reason
to believe that Tyler & Apperson would deny the execu-
tion of the contract because it is averred in the petition

that they were seeking to annul it. They did, however, anticipate that they might not produce it, and therefore asked that a copy of it be held sufficient. The purpose of the action was to enjoin the institution of suits against them by Tyler & Apperson. Therefore the injunction was not ancillary. It was the relief sought, and, in our opinion, they are not entitled to recover attorney fees. For the same reason they are not entitled to recover attorney fees they are not entitled to recover the extraordinary expenses incurred in defending the action. The defendants gave notice to the plaintiffs that they would confess judgment for $100. The offer was never accepted, and subsequently the court sustained a demurrer to the petition, and dismissed it, and from that judgment this appeal is prosecuted. It is here urged that the court erred in not rendering judgment for the $100. We do not agree with counsel in this. If the defendants did not owe any of the claims in suit, as, in the opinion of the court below (and of this court) they did not, it was not prejudicial to the rights of the plaintiffs to adjudge they were not entitled to recover. Section 640, Civ. Code Prac., reads as follows: "After an action for the recovery of money is brought, the defendant may offer, in court, to confess judgment for part of the amount claimed or part of the causes involved in the action. Whereupon, if the plaintiff, being present, refuse to accept such confession of judgment in full of his demands; or, having had reasonable notice that the offer would be made, of its amount, and of the time of making it, fail to attend, and on the trial do not recover more than was so offered to be confessed, such plaintiff shall pay all the costs of the defendant incurred after the offer. The offer shall not be deemed to be an admission of the cause of action or amount to which the plaintiff is entitled, nor

be given in evidence upon the trial." This expressly provides that the offer to confess judgment shall not be deemed to be an admission of the cause of action or amount to which the plaintiff is entitled, nor be given in evidence upon the trial. It simply has the effect of making the plaintiff pay all costs incurred after the offer is made in the manner required in the Code of Practice, provided he fails to recover more than the amount for which defendant offered to confess judgment. The judgment is affirmed.