OCTOBER TERM, 1907.

## LITTLETON ET AL. v. BURGESS.

CHANGE OF VENUE — APPEAL AND ERROR — BILL OF EXCEPTIONS —
INJUNCTION BOND—ACTION UPON BOND—DEFENSE OF WANT OF
JURISDICTION TO ISSUE INJUNCTION—ESTOPPEL—DAMAGES—ATTOR-
NEY FEES—PETITION—DEMURRER—PARTIES—LEGAL CAPACITY TO
SUE.

1. The action of the district court in denying a change of venue
   cannot be reviewed in the absence of a bill of exceptions
   containing the motion and affidavit in support thereof.

2. An injunction bond is properly executed in favor of the
   prosecuting attorney individually in a suit to enjoin him
   from prosecuting the plaintiff for an alleged offense under
   a criminal statute.

3. A party who files a petition and bond, and procures thereby
   an injunction to issue from a court of general jurisdiction,
   cannot be heard to complain, when sued on the bond, that
   the court granting the injunction was without jurisdiction.

4. Attorney fees incurred in procuring the dissolution of an in-
   junction are recoverable as damages in a suit upon the
   injunction bond, though the ground of dissolution was the
   want of jurisdiction to grant the particular injunction, the
   court granting it being one of general jurisdiction.

5. Attorney fees so incurred are recoverable though not actually
   paid.

6. No relief other than injunction having been sought in the suit
   where a bond was given to procure a temporary restraining
   order, a petition in a suit upon the bond is not demurrable
   for failing to state separately the amount of attorney fees
   incurred in procuring a dissolution of the injunction and in
   defending the action.

7. A demurrer does not lie to a petition in a suit upon an in-
   junction bond for alleging that certain attorney fees had
   been incurred in defense of the injunction suit, and in
   securing a dissolution of the injunction, without specifying
   separately the fees incurred for procuring dissolution, but
   the objection should be made by motion or upon the
   evidence.

8. In a suit upon an injunction bond given in favor of the
   prosecuting attorney individually in a cause against him to

enjoin a criminal prosecution, neither the state nor the county is a necessary party plaintiff.

9. The statutory ground of demurrer that the plaintiff has no legal capacity to sue refers to legal disabilities, such as infancy and the like, and not that the plaintiff is without the necessary interest to sue in the particular action.

[Decided October 7, 1907.]                    (91 Pac., 832.)

Error to the District Court, Sheridan County, Hon. Charles E. Carpenter, Judge.

The action was brought upon an injunction bond by James H. Burgess against Fred Littleton, the principal named in the bond, and his surety. Judgment was rendered for plaintiff. The defendants brought error. The material facts are stated in the opinion.

*M. B. Camplin*, for plaintiff in error. (*Fred H. Hathorn*, of counsel.)

The statute as to change of venue is mandatory. (Perkins v. McDowell, 3 Wyo., 204; Dowling v. Allen, 88 Mo., 293; Route v. Ninde, 118 Ind., 123; Walsh v. Ray, 38 Ill., 30; Ins. Co. v. Tolman, 80 Ill., 106; Turner v. Hitchcock, 20 Ia., 310; Miller v. Laraway, 31 Ia., 538; Griffin v. Leslie, 20 Md., 15; Baldwin v. Marygold, 2 Wis., 419; Shaw v. Hamilton, 10 Ind., 182; Krutz v. Howard, 70 Ind., 174; Bixby v. Clarkaddon, 63 Ia., 164; Corey v. Silcox, 5 Ind., 370; Fish v. Turnpike Co., 54 Ind., 479; Ashton v. Garretson, 85 Pac., 831.)

The necessity for the employment of counsel is the basis for the allowance of counsel fees in suits on injunction bonds. Not alleging a necessity therefor, the petition is insufficient. The duty of defending the suit rested upon the defendant himself as prosecuting attorney. (R. S. 1899, Secs. 1103, 1104, 1107; High on Inj. (3d Ed.), 1686, 1688; Hibbs v. Land Co., 46 N. W., 1119; Littleton v. Burgess, 82 Pac., 864.) The payment of attorney fees must be alleged. (Macey v. Titcomb, 19 Ind., 135; Praeder v.

Grimm, 28 Cal., 11.)   The petition is, therefore, wholly insufficient to allow the recovery of counsel fees. (Mitchell v. Hawley, 21 Pac., 833; 45 Neb., 364; 35 Pac., 651.) The petition is further insufficient for failing to set forth the conditions of the bond, and the breach.   Setting forth the bond *in haec verba* is not enough. · (R. S., Secs. 3560, 3533, 3559; Johnson v. Ins. Co., 3 Wyo., 142; 1 Kinkead Code Pl., 381; 1 Whit. Code, 145.) · The amount of fees for procuring dissolution of the injunction should be specified clearly and separately from fees incurred in other matters.   Upon the allegation of the petition that the fees were incurred in defending the suit and securing a dissolution of the injunction, the amount expended in the latter effort is not alleged.   The petition will not sustain a judgment. (Whit. Code (6th Ed.), 822; 7 O. N. P., 416; 10 O. Dec., 246; High on Inj. (3d Ed.), 1689; Cuxris v. Baehonan, 42 Pac., 911; Bustamonte v. Stewart, 55 Cal., 115; Mitchell v. Hawley, 21 Pac., 833; Lambert v. Alcorn, 21 L. R. A., 611; Olds v. Carey, 10 Pac., 786; Anderson v. Anderson, 55 Mo. App., 276; Door Co. v. Parks, 79 Ill. App., 190; Keith v. Henkleman, 173 Ill., 146 (50 N. E., 692) ; ·Landis v. Wolf, 206 Ill., 401 (69 N. E.; 103) ; Jameson v. Bartlett, 63 Neb., 642; Church v. Baker, 71 Pac., 888; Riddle v. Cheadle, 25 O. St., 278; Newton v. Russell, 87 N. Y., 527; Trapnell v. McAfee, 77 Am. Dec., 158; Quin v. Baldwin, 78 Pac., 552, 554.)   The defense of the main action involved services not necessary to the dissolution of the injunction.   (85 N. W., 1016; Parker v. Bond, 1 Pac., 209; Lambert v. Haskell, 22 Pac., 327; Water Co. v. Steamship Co., 35 Pac., 651; Carnes v. Heimroad, 45 Neb., 364; Langworthy v. McKelvey, 25 Ia., 48.)   Unsuccessful attempts to dissolve not an element of damage.   (Pollock v. Whipple, 77 N. W., 355; Thompson v. Benson, 82 Pac., 1040; Cunningham v. Finch, 88 N. W., 168; Barr's Estate v. Post, 93 N. W., 144.)   Nor services on appeal, after dissolution.   (High on Inj., 1687 (3d Ed.) ; Thurston v. Haskell, 81 Me., 303.)

According to the petition the party enjoined was the officer, in his representative capacity—hence the bond should have run either to him in that capacity, or to his principal. Hence it is not conditioned as required by law or the order of the court. It follows no injunction ever operated in the injunction suit. The bond set forth could not be construed to be the bond required in the order of the court, or contemplated by law. (Sec. 4043 of the statute.) It is defective as a personal bond to Burgess, because the covenant is joint. It recites an order of court, in which a temporary injunction has been granted, to become effective upon the execution of a bond to defendants. The covenant is that "the plaintiff will pay said defendants and each of them all damages which they may sustain." Surely this is not the bond contemplated by the order of the court, or provided for by law. (59 Ill., 205.) The sureties to an injunction bond stand strictly upon the precise terms of their bond, beyond which their liability cannot be extended. (Williamson v. Hall, 1 O. St., 190; High on Inj. (3d Ed.), 1635, 1638; Hall v. Williamson, 9 O. St., 17; 20 O., 93; State v. Corey, 16 O. St., 17; Smith v. Haesman, 30 O. St., 662; Lang v. Pike, 27 O. St., 498; Meyers v. Parker, 6 O. St., 501; State v. Medary, 17 O. St., 565.)

The plaintiff was not the party in interest. The damage, if any, accrued to the state. The defect appears upon the face of the petition. (R. S. 1899, Sec. 4043; 82 Pac., 864; 1 Kinkead Code Pl., 99; U. S. v. Shoup, 21 Pac., 656; City v. Randall, 66 Pac., 938; Kinkead v. Benton, 14 Pac., 294; City v. Brulo, 39 Pac., 456.) A bond to an officer is a bond to the town, and may be sued in the name of the town. (Hopkins v. Plainfield, 7 Conn., 286; Dyer v. Covington, 28 Pa. St., 186; Fairfax v. Soule, 10 Vt., 154.)

*E. E. Enterline, Lonabaugh & Wenzell* and *C. A. Kutcher,* for defendant in error.

Unless the motion and affidavit for change of venue are incorporated in the bill of exceptions, the denial of the

motion is not reviewable on error. (Perkins v. McDowell, 3 Wyo., 328.) It. would seem that the statute contemplates a change of venue only in cases triable by a jury. (R. S. 1899, Secs. 4291, 4282.) It is not allowable in cases triable by the court. (4 Ency. Pl. & Pr., 384; Dean v. Stone (Okla.), 35 Pac., 578.) The judge of another district was called in to try this case on the application of plaintiffs in error.

The defendant in error clearly had authority to employ counsel in the injunction suit against him, and it is not necessary for a recovery of the fees in a suit on the injunction bond that they should have been paid. The legal liability to pay them is sufficient. (Noble v. Arnold, 23 O. St., 264; High on Inj., 1688; Patterson v. Rinard, 81 Ill. App., 80; Reich v. Berdel, 33 Ill. App., 186; 2 Sutherland on Damages (2d Ed.), Sec. 525; Plymouth M. Co. v. Fid. & Guar. Co. (Mont.), 88 Pac., 565.) Where an injunction is the only relief sought in an action, the defendant may recover attorney's fees necessarily incurred in answering and defending the action on the merits in an action on the injunction bond, but if the injunction is only ancillary to the principal object of the action, fees can only be recovered for the services rendered in securing a dissolution of the injunction. (2 High on Inj. (2d Ed.), 1686, 1688; 2 Sutherland on Damages (2d Ed.), 525; Creek v. McMannus (Mont.), 32 Pac., 675; Thomas v. McDonald, 77 Ia., 126; Landsley v. Nietert, 42 N. W., 635; Reece v. Northway, 58 Ia., 187 (12 N. W., 258); Noble v. Arnold, 23 O. St., 264.)

The injunction suit was against Burgess, and the official title added was *descriptio personae* merely. (Breeze v. Haley (Colo.), 59 Pac., 333.) After judgment and on error the pleadings will be liberally construed. (Frontier Sup. Co. v. Loveland (Wyo.), 88 Pac., 651.) The petition was sufficient. An injunction bond will not be held defective for technical defects or informalities in its execution. (1 Spelling Inj. Rem., 933.)

SCOTT, JUSTICE.

This action was brought in the district court of Sheridan County by the defendant in error as obligee against the plaintiffs in error as obligors to recover upon an injunction undertaking given and executed by Littleton as principal and Schroeder as surety. in an action wherein the said Littleton was plaintiff and the said Burgess, county and prosecuting attorney of Sheridan County, Wyoming, was defendant. The case was tried without the intervention of a jury and the court found and rendered judgment in favor of Burgess. Littleton and Schroeder bring the case here on error.

1. Plaintiffs in error (defendants below) complain that the trial court denied their motion for a change of venue. That question cannot be here considered, for the reason that there is no bill of exceptions, and the motion and affidavit in support thereof, not being pleadings in the case, can only be brought into the record by such a bill. It was so decided in Perkins v. McDowell, 3 Wyo., 328, and that decision has ever since been the rule of practice in this court.

2. Plaintiffs in error demurred to the petition on three grounds, viz.: First, that the petition does not state facts sufficient to constitute a cause of action; second, that there is a defect in the party plaintiff, appearing on the face of the petition, in this: that "James H. Burgess," in his individual capacity, or as an individual, is not the proper party plaintiff, but that the face of the petition discloses the proper party plaintiff to be either James H. Burgess as county and prosecuting attorney of Sheridan County, Wyoming, or the State of Wyoming; third, that the plaintiff has no capacity to sue, as disclosed from the face of the petition. The demurrer was overruled and the defendants were given time within which to plead, to which ruling they reserved an exception, and such ruling is here assigned as error.

It is alleged in the petition that James H. Burgess was the duly elected and qualified county and prosecuting at-

torney in and for Sheridan County during 1904 and 1905. That on August 20, 1904, the plaintiff in error, Littleton, commenced an action in the district court of Sheridan County against said Burgess, county and prosecuting attorney of Sheridan County, Wyoming, the object and purpose of which was to restrain and enjoin the defendant therein as county and prosecuting attorney of said county from causing the arrest and prosecution of the said Littleton for a violation of the anti-gambling law, and from further prosecuting him in a proceeding wherein he had been duly charged and arrested for a like offense. That upon application to the judge of said district court a temporary injunction was directed to issue restraining and enjoining said Burgess as such county and prosecuting attorney from causing the arrest and from prosecuting said Littleton for the alleged violations of the law, upon said Littleton giving an undertaking in the sum of one thousand dollars conditioned as required by law. Thereupon Littleton as principal and Schroeder as surety executed and filed the undertaking involved in this suit, which was approved by the clerk of the district court and the writ issued and was served upon Burgess. The undertaking is in the following words, to-wit:

#### "BOND FOR INJUNCTION.

"WHEREAS, In the above entitled action, a temporary injunction has been granted as prayed in said petition on file herein, the same to become effective and be in force upon the plaintiff executing a bond to the defendants in the sum of one thousand dollars, conditioned as required by law.

"Now, therefore, we, Fred Littleton, as principal, and Fred Schroeder, as surety, acknowledge ourselves to be held and firmly bound unto said defendant in the sum of $1,000.00, conditioned that the said plaintiff will pay said defendants and each of them all damages which they may sustain if it be finally determined that said injunction ought not to have been granted.

- "In witness whereof, we have hereunto set our hands this 20th day of August, A. D. 1904.

(Signed)  "FRED LITTLETON, Principal.
"FRED SCHRODER, Surety."

It is further alleged that thereafter such proceedings were had therein that on March 22d, 1905, judgment was duly entered in said cause by which it was adjudged that said temporary injunction ought not to have been granted and the action was dismissed. That thereafter upon proceedings in error this court affirmed the said judgment. That said Burgess contracted and obligated himself to pay the sum of one thousand dollars as attorney's fees in the defense of said action and to secure the dissolution of the injunction, in which sum he has been damaged and prays judgment therefor.

It will be observed that the injunctional suit was against James H. Burgess, county and prosecuting attorney of Sheridan County, Wyoming, and that the undertaking runs to James H. Burgess as an individual. It is contended that the undertaking is not such as required by law in that it was not made to the defendant in his official capacity, but to him personally, and that as such it did not constitute a basis for the issuance of the writ; and also that the writ was void because the court had no jurisdiction of the subject matter of the action. It is provided by statute that the undertaking shall be given "to secure the party enjoined the damages he may sustain if it be finally decided that the injunction ought not to have been granted." (Sec. 4043, R. S. 1899.) The facts alleged in the petition were not sufficient to invoke the exercise of equitable jurisdiction. It was not such an action as is contemplated by the statute in prescribing the duties of the county and prosecuting attorney. Sec. 1107, R. S. 1899, provides that the county and prosecuting attorney shall prosecute or defend for the state or county in all civil or criminal suits or proceedings at law in which the state or county is a party. Neither state nor county was a party to the action. Both were

(3)

strangers to the injunction suit, and neither had nor could have any interest in or title to the proceeds of any judgment recovered on the undertaking. In Breeze v. Haley et al. (Colo.), 59 Pac., 333, Breeze was temporarily enjoined as county treasurer from collecting taxes. The undertaking ran to him individually, and upon determination that the writ ought not to have been granted suit for damages was commenced on the undertaking against the obligor and his sureties. The first complaint was entitled Lewis H. Breeze, plaintiff, while the second amended complaint was entitled Lewis H. Breeze, as treasurer of Routt County, plaintiff, v. Ora Haley et al., defendants. · There was no answer to the complaint, and upon admission of the fact that Breeze had ceased to be treasurer of Routt County at the time of the commencement of the action, a motion to dismiss was sustained on the ground that at the time of the commencement of the action Breeze was not the treasurer and had no authority to bring it. The plaintiff then asked leave to withdraw his second amended complaint and to substitute and reinstate his first complaint. This motion was denied and judgment of dismissal was ordered. The court of appeals reviewed the judgment and held that the words descriptive of the plaintiff in the second amended complaint were unnecessary and further said: "No considerable injury can result to the defendants by permitting the plaintiff to abandon his second amended complaint and fall back on his first." In that case it was also said: "It is true that the collection of taxes was a duty which pertained to his office as treasurer of the county, but it was a duty for the performance of which he was personally responsible." In the case before us it was a duty pertaining to the office of county and prosecuting attorney to prosecute the case for the state, and Burgess having qualified as such officer was personally liable on his official bond for a failure to do so. (Sec. 1107, R. S. 1899.) There can be no question that he had a personal interest in the defense of the injunction suit in order to avoid personal liability upon his official bond.

His authority to act in the matter of the prosecution of the criminal case was derived from his office. The state looked to him for benefits from the performance of his official duties, but whether or not he would act in the performance of those duties was a matter personal to himself. That he was about to act in the prosecution of Littleton was the matter complained of, and it was those acts which were sought to be restrained by the injunction. This being the case, it follows for the purposes of this suit that the undertaking properly ran to Burgess individually and that the action thereon was maintainable in his name. (Sec. 4043, R. S. 1899; Breeze v. Haley et al., *supra*.)

That the court had no jurisdiction to enjoin the prosecution of crime by the prosecuting officer was decided by this court in Littleton v. Burgess, 14 Wyo., 173. It does not, however, follow that because of absence of such jurisdiction no action can be maintained upon the undertaking given and upon which the writ issued. When in such a case one invokes the power of a court of general jurisdiction he cannot thereafter be heard to say in avoidance of damages for injury resulting therefrom that the court was without jurisdiction. (22 Cyc., 1040, and cases there cited.) The district court possesses original equity jurisdiction. In Robertson v. Smith, 129 Ind., 428 (15 L. R. A., 273), it was alleged as a defense to an action on an injunction bond that the order granting the injunction was void for want of jurisdiction over the person of the defendant, and upon demurrer it was held insufficient to constitute a defense. The case is an instructive one and discusses the question of jurisdiction of the subject matter, as well as of the person, as affecting the right to recover in such cases. After reviewing the authorities and quoting from the opinions in Adams v. Clive, 57 Ala., 249; Hanna v. McKenzie, 5 B. Monroe, 314 (43 Am. Dec., 122); High on Injunctions, Sec. 1652, as sustaining the proposition that want of jurisdiction over the subject matter of the injunction suit is not a defense to an action on the injunction bond, the court

said: "We regard these authorities as establishing the
proposition that, when a plaintiff files a complaint and bond,
and procures an injunction to issue from a court of general
jurisdiction, he is, when sued upon the bond, estopped to
say that the court granting the injunction was without
jurisdiction. They proceed upon the theory that it does
not lie in the mouth of one who has affirmed the jurisdic-
tion of a court in a particular matter to accomplish a
purpose, to afterward deny such jurisdiction to escape a
penalty." To the cases mentioned and discussed by that
court may be added the following cases where want of
jurisdiction over the subject matter to issue the writ was
also held to be no defense to an action upon the injunction
bond, and which were also referred to in that case, viz.:
Stevenson v. Miller, 2 Litt., 310 (13 Am. Dec., 271); Hoy
v. Rogers, 4 T. B. Monroe, 236; Cumberland Coal & Iron
Co. v. Hoffman S. C. Co., 39 Barb., 16. The question is
so clearly set forth and the principle so clearly stated in
the above quotation that it would be useless to try to
enlarge upon it. We regard it as decisive of the question
here presented.

It is urged that damages within the terms of the under-
taking do not include attorney's fees, and that as the trial
court had no jurisdiction to issue the writ there was no
occasion or necessity to employ counsel. The supreme court
of Alabama in Rosser v. Timberlake, 78 Ala., 162, said:
"It is a mistake to suppose that, because there is no proof
of present injury by the injunctive and restraining order,
there was no occasion to employ counsel to defend it. Any
suit brought, if not defended, may result in costs, if not in
a more grievous wrong against defendant. It does not lie
in the mouth of complainant, who has forced another into
court, to claim exemption from liability on the plea that his
suit was so harmless or frivolous as not to call for defense."
In the case before us the plaintiffs in error forced the de-
fendant in error into court to determine at least a question
of jurisdiction—a question which was a judicial one and

which he could not determine himself—and to ignore the writ might have resulted in great wrong to him. No obligation rested upon him to ignore the writ even though it was issued without jurisdiction. (Robertson v. Smith, *supra.*)    His right to defend either upon the merits or upon jurisdictional grounds accrued to him upon the service of the writ (Walton v. Delving, 61 Ill., 201), and by no sophistry of reasoning could be be barred of that right. The right having so accrued he had the right to be represented by counsel. If the attorney's fees were incurred to procure the dissolution of the injunction, then by the great weight of authority the defendant in error was damaged to that extent. (22 Cyc., 1053, and cases there cited; Robertson v. Smith, *supra;* Noble v. Arnold, 23 O. St., 265.) In the last mentioned case the court said that "a distinction is to be taken between expenses incurred only in procuring a dissolution of an injunction, and such as are incurred in the defense of an action, to which the injunction is merely auxiliary, and is not essential to the relief sought." This distinction runs all through the adjudicated cases, where such fees are allowed as an element of damage in an action upon the bond. In the case before us the object of the writ was to perpetually enjoin the defendant from doing the acts complained of and the attorney's fee was, as appears from the petition, reasonable and necessary to procure the dissolution of the temporary injunction and defeat the action. It is held by the supreme court of Kentucky that when injunction is the relief sought and in fact gives the relief if sustained no recovery for counsel fees can be had. (Tyler v. Hamilton, 108 Ky., 120 (55 S. W., 920) ; Turnpike v. Dulaney, 86 Ky., 518 (6 S. W., 590) ; Chicago, &c., R. Co. v. Sullivan, 80 S. W., 791.) That court apparently stands alone in drawing this distinction. We think the reasoning is better in Reese v. Northway, 58 Ia., 187, where it is held that attorney's fees are allowable for defending in the entire action where injunction is the only relief sought and dissolution is procured only upon final hearing.

This rule is announced and followed in Creek v. Mc-Manus, 13 Mont., 152 (32 Pac., 675). While the temporary injunction was dissolved by the trial court, such expenses for reasonable attorney's fees as were necessary in defending in the proceedings in error were so incurred to avoid a reversal of the order and a reinstatement of the injunction and, therefore, properly chargeable. (Wallis v. Dilley, 7 Md., 237.) Nor does it follow that there can be no recovery for attorney's fees incurred though not actually paid. In Noble v. Arnold, *supra*, the court said upon this subject: "An indebtedness incurred—a liability to pay—is a damage, and we think is sufficient to constitute a liability on the undertaking." Such is the well settled rule. (16 Ency. of Law, 469.)

It is further objected that the attorney's fees for defending the action and those necessary for obtaining a dissolution of the injunction are not itemized or separated. It is apparent from what has already been said that upon the facts alleged there can be no merit in this contention. If the facts were different then the question could be raised either by motion, or by objection to evidence during the trial, but not by demurrer. The record fails to show that any motion for an itemized bill was made, or that objections were made or exceptions taken to the admission of evidence on that ground, and even if the facts alleged disclosed the two classes of items, still the question would not be properly before us, and for that reason could not be here considered.

The second ground of demurrer is that there is a defect in the party plaintiff. This, as a statutory ground, goes to the non-joinder of necessary parties as plaintiffs. (Powers et al. v. Bumcratz, 12 O. St., 271, 293.) All those whose interests are in common with those of plaintiff in the subject matter of the suit should be joined as plaintiffs unless upon a refusal to join as such they may upon appropriate averments be made defendants. A failure to do either, where the defect is apparent, would render a peti-

tion demurrable on this ground. The wording of the demurrer, together with the specification of the particular defect and the argument of the counsel, indicate that the objection is rather upon the ground that the action is not brought in the name of the real party in interest. Having already held in another part of this opinion that Burgess had an interest, and that neither the state nor the county had any interest in the subject matter of the injunction suit, it follows that they were not necessary parties to the action on the bond.

That the plaintiff has no capacity to sue is not strictly speaking a ground for demurrer under our statute. The word *legal* as qualifying capacity is omitted by the pleader, and it is only when the plaintiff has no legal capacity to sue that a demurrer will lie ·for that cause. (Sec. 3535, R. S. 1899.) The words "legal capaciy to sue," in the sense used in· the statute, have a well defined meaning. They are directed to the legal disabilities of the plaintiff, and the facts showing such legal disabilities are independent of the cause of action. In Brown, Ex'r., et al. v. Coitchell et al., 110 Ind., 31 (7 N. E., 888), it is said: "The want of legal capacity to sue, as a cause for demurrer, has reference to plaintiffs under legal disabilities, and not to a case where the facts alleged show that the plaintiff has no right to sue in that particular case. In such case the assignment should be that the complaint does not state facts sufficient to constitute a cause of action." It was so held in Weidner v. Rankin et al., 26 O. St., 522, and Buckingham v. Buckingham, 36 O. St., 69. It is said in Stang et al. v. Newberger et al., 6 O. N. P. Rep., 61, that "A dictum in Saxton v. Seibert, 48 O. St., 559, tends somewhat in an opposite direction, but it was unnecessary to a determination of the case and is inconsistent with the decision in Weidner et al. v. Rankin et al., *supra,* which was seemingly overlooked by the judge rendering the opinion." It does not appear upon the face of the petition, even if the demurrer be held sufficiently specific, that the plaintiff is under any legal disa-

bility such as infancy, want of authority or any personal disability to maintain the action. It is to these matters that a demurrer upon this ground is directed. Farrell v. Cook, 16 Neb., 483; Bliss Code Pl. (2d Ed.), Secs. 407-409; Haskins v. Olcott, 13 O. St., 210; Smith v. Sewing Machine Co., 26 O. St., 562; Dale et al. v. Thomas et al., 67 Ind., 570; Debolt v. Carter, 31 Ind., 355.)

Our conclusion is that the demurrer was properly overruled on each and every ground. The judgment will be affirmed.                                              *Affirmed.*

POTTER, C. J., and BEARD, J., concur.