[No. 8065. Department One. October 4, 1909.]

S. C. WOLDENBERG et al., Respondents, v. O. S. SAMPSON et al., Appellants.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—POWER TO CONTRACT—DELEGATION TO COMMITTEE. Where a town council determines upon the construction of a sidewalk and the character of the improvement, it may delegate the letting of the contract to a committee.

SAME—PAYMENT—ESTABLISHMENT OF SINKING FUND—INVALIDITY —EFFECT. Where a town council legally authorized an improvement, the want of power to establish a special sinking fund for its payment, as directed by the resolution, is not ground for an injunction forbidding the city to pay the cost of the improvement.

[1]Reported in 104 Pac. 184.

Appeal from orders of the superior court for Chelan
·county, Steiner, J., entered January 4, 1909, granting a
temporary injunction and refusing to vacate the same, after
a hearing on the merits before the court, in an action to
restrain the construction of a sidewalk.    Reversed.

*J. J. King* and *Reeves & Reeves,* for appellants.

*Thomas & Sorenson,* for respondents.

FULLERTON, J.—The town of Leavenworth is a town of
-the fourth class.    At the time of the commencement of this
action, the appellant Sampson was mayor of the town, and
-the appellants King, Ruth, and Featherstone and the re-
spondent S. C. Woldenberg were members of the town coun-
·cil.    In December, 1908, certain citizens of Leavenworth
petitioned the council to construct a walk from the west end
of the Clifford Hotel, on Front street in said town, to the
·east side of Second street therein, and for the purpose of
aiding the construction thereof, they circulated a subscrip-
tion list on which some $554 were subscribed to pay on the
·cost of construction.    On December 9, 1908, the town coun-
·cil, at a regular meeting, adopted the following resolution
pertaining thereto:

"Be It Resolved:  That this council cause to be constructed
an eight foot sidewalk and trestle along Front Street, and
in length being from the Clifford Hotel to approximately
100 feet east of Second street, all in Ralston's Addition to
Leavenworth.

"That the city clerk be instructed to advertise for bids in
-the next issue of the Leavenworth Echo, said bids to be
based upon plans and specifications for construction now on
file with the City Clerk.

"That the call for bids shall be published once and shall
be closed to bidders Dec. 15th, 1908.

"That a special sinking fund be established, to be com-
posed of 10 per cent of all monies received by the City Treas-
:urer, to cover the municipal corporation's share of the ex-
pense of constructing the said thoroughfare.    That this
:sinking fund be established at once and all monies received

hereafter be placed therein in the proportion set forth above and continue in force until the full amount to be paid for constructing said thoroughfare be collected.

"That this council accept donations from any who desire to make them toward defraying a portion of the cost of constructing said thoroughfare.

"That the mayor appoint a committee of three from the Council which committee shall have full right to accept or reject any bid offered, and to let the contract for the construction of said thoroughfare to the successful bidder upon his furnishing good and sufficient bond for the completion of said thoroughfare, and to accept or reject the work when completed."

The mayor thereupon appointed councilmen Ruth, King and Featherstone on the committee provided for in the resolution. The committee, acting in pursuance of the resolution, advertised for bids as there directed, and subsequently entered into a contract with the appellant W. J. Moon for the construction of the walk. The contractor Moon entered at once upon the performance of the work, and had practically completed the same when the present action was brought by these respondents to restrain further work thereon on the part of Moon, and to restrain the appellant Sampson, as mayor, and the appellants King, Ruth and Featherstone, from paying for the work with the money or funds of the town of Leavenworth. A temporary injunction was applied for at the time of filing the complaint, which application, after notice and hearing, the court granted. This appeal is from the order granting the temporary injunction, and from a subsequent order refusing to vacate the injunction on the motion of the appellants.

The trial court rested its order on the ground that the proceedings of the town council with reference to the construction of the walk were so far void as to create no obligation on the part of the city to pay for the same, and that any application of the funds of the city to that purpose would be a misappropriation of such funds. In support of

this conclusion, it is first said that the town council was without power to delegate to a committee the authority to enter into a contract for the construction of a walk; that the power to let a contract for that purpose involved the exercise of judgment and discretion, and that all such functions or powers, unless the law especially provides otherwise—and no such law exists on our statute books—must be exercised by the council. While there are cases that maintain this doctrine, the rule is not general, and we prefer the more liberal view. Here, it will be noticed, the council did not leave it to the committee to determine whether or not the walk should be constructed, or the kind and character of walk that should be constructed; on the contrary the council determined these matters for itself, and left to the committee only the power to enter into the contract necessary to carry out its order. This we hold was within the powers of the council. *Hitchcock v. Galveston*, 96 U. S. 341, 24 L. Ed. 659; 28 Cyc. 648.

The second reason given for sustaining the injunction is that the city was without power to establish a special sinking fund of 10 per cent of all moneys received by the town treasurer out of which to pay for the structure ordered. But if this contention was well taken, it would not authorize an injunction forbidding the city to pay the cost of any improvement legally authorized. If the money directed to be turned into a fund for the payment of the cost of the walk belonged to some other fund and was being wrongfully diverted, doubtless a party interested, or perhaps a taxpayer, could enjoin the wrongful diversion, but on that plea he could not enjoin the payment of a valid obligation of the town.

The injunctive order is therefore erroneous, and the same is reversed, and the cause remanded with instructions to vacate the temporary writ of injunction.

RUDKIN, C. J., GOSE, CHADWICK, and MORRIS, JJ., concur.