[No. 9188.  Department Two.  March 20, 1911.]

O. S. Sampson *et al.*, *Appellants*, v. S. C. Woldenberg *et al.*, *Respondents.*[1]

Injunction—Bond—Action—Parties Entitled to Sue. An action upon an injunction bond may be maintained by the obligees in their individual capacity, where the injunction was issued in a suit against them as mayor and councilmen of a town to prevent them from entering into a contract on behalf of the town, the town was not made a party to the suit, the injunction ran against them in their individual capacity, and the bond named the obligees as individuals and provided for the payment of damages and costs by them, not by the town.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered May 7, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action on an injunction bond. Reversed.

*Reeves & Reeves*, for appellants, cited: 7 Cyc. 563; *McLain v. Onstott*, 3 Ark. 478; *Chadsey v. McCreery*, 27 Ill. 253; *Van Buskirk v. Day*, 32 Ill. 260; *Thompson v. Weaver*, 7 Blackf. (Ind.) 552; *Davis v. Garr*, 6 N. Y. 124; *Reznor v. Webb*, 36 How. Pr. (N. Y.) 353; *Horah v. Long*, 20 N. C. 274; *Harney v. Dutcher*, 15 Mo. 89, 55 Am. Dec. 131; *Sims v. Boynton*, 32 Ala. 353, 70 Am. Dec. 540; *Lyons v. Doherty*, 50 Mo. 38; *Roberts v. Pierce*, 79 Ill. 378; *Breeze v. Haley*, 13 Colo. App. 438, 59 Pac. 333; *Hecker v. Cook*, 20 Colo. App. 282, 78 Pac. 311; *Moulton v. McLean*, 5 Colo. App. 454, 39 Pac. 78; *Nimocks v. Welles*, 42 Kan. 39, 21 Pac. 787; *Ayres v. Toland*, 7 Har. & J. (Md.) 3; *Jeffries v. McLean*, 12 Mo. 538; *Cheltenham Fire-Brick Co. v. Cook*, 44 Mo. 29; *Henricus v. Englert*, 137 N. Y. 488, 33 N. E. 550; *Waddell v. Moore*, 24 N. C. 261; *Crawford v. Stewart*, 38 Pa. St. 34.

*L. J. Nelson* and *Parr & Hubbard*, for respondents.

[1]Reported in 114 Pac. 162.

MORRIS, J.—Appeal from a judgment denying liability upon an injunction bond. In December, 1908, the appellants were mayor and councilmen of the town of Leavenworth. The three councilmen were appointed by the mayor as a committee to enter into a contract on behalf of the town with W. J. Moon, to build a sidewalk. After the making of the contract and when it was practically completed, respondent Woldenberg, who was also a councilman, obtained an injunction against the appellants and Moon from further proceeding with the work, or paying for the same with town funds, the remaining respondents joining with Woldenberg in the execution of the injunction bond. An appeal was taken to this court from the injunction order, and the same was reversed. *Woldenberg v. Sampson*, 55 Wash. 152, 104 Pac. 184. Appellants thereupon brought this action upon the injunction bond, in which they were defeated, the court holding that the injunction order and bond ran against and in favor of appellants only in their representative capacity as officials of the town of Leavenworth; and as they here sued individually, they could not recover. The action was dismissed as to Moon, he having testified that he had no present interest in the controversy.

The only question that need be considered is the ability of appellants to maintain this action, suing as individuals. An examination of the authorities discloses that, upon the point here involved, there is a conflict of authority. It will be found, however, that in most cases the decision is influenced by the character of the act enjoined and the language of the bond, and that no rule can be relied upon, that will harmonize with all the cases, which eliminates the particular facts involved in each case. In the complaint in the injunction suit, appellants were named as O. S. Sampson as mayor, and the other appellants as councilmen, of the town of Leavenworth. The prohibitive part of the injunction entered against them was:

"It is therefore ordered and considered by the court that

the defendants O. S. Sampson, R. S. King, J. C. Ruth, and H. X. Featherstone and each of them be and they hereby are prohibited and restrained during the pendency of this action from paying out of the funds of the town of Leavenworth."

In the bond the same caption was used, but the bounden part was: "are held and firmly bound unto the above named defendants O. S. Sampson, R. S. King, J. C. Ruth, H. X. Featherstone and W. J. Moon." It appears that, when the injunction suit was started, the town, not being made a party to the action, interposed no defense, and the proceedings in the court below and in this court upon appeal were conducted on behalf of the town by appellants, who employed attorneys and paid all necessary costs and expenses of the litigation. The town of Leavenworth, not being a party to the injunction suit, was in no manner bound thereby; as to it, the restraining order was of no force or effect. The only persons restrained were O. S. Sampson, R. S. King, J. C. Ruth, and H. X. Featherstone. The act which they were forbidden to do was one they would have done only by virtue of their official relation to the town; and while they were named defendants in the title or caption of the restraining order as mayor and councilmen, yet it was as individuals that they were forbidden to act in further carrying on the contract entered into between them, as the committee of the town, and Moon. Had they violated this order, no proceedings could have been taken against the town. They would have had to respond to any attempted violation in their own proper persons. They were, as individuals, restrained from acting as mayor and councilmen in this particular instance. The town itself could act through other officers or councilmen, and in no way subject itself or the officials through whom it might act. Or they could have resigned their official positions and their successors could have performed the acts they were forbidden to do. It was only the individual act of these appellants that was in any manner affected by the injunction order. In fact, this seems to have been conceded by the court

and the plaintiffs in the injunction suit, for we find an order entered, five days after the original restraining order and bond had been filed, in which it is recited that, "upon agreement between the court and counsel for plaintiffs, it is ordered that said temporary injunction be and it is hereby modified to bind the plaintiff S. C. Woldenberg and the defendants councilmen and mayor of the town of Leavenworth, as such councilmen and mayor." Appellants were the only obligees in the bond, and as such were named as individuals. The fact that they were further described as "the above named defendants" added nothing to the obligation. They were, as individuals, enjoined from acting in behalf of the town, and the bond obligated itself to the payment of damages and costs sustained by them—not by the town—in being so prevented from acting, or in case such injunction order was vacated. The respondents, having prevented appellants from, as individuals, performing their official duty in the premises, cannot now be heard to say that as individuals they were not justified in defending their official acts, and incurring costs within the contemplation of the bond.

In *Hyatt v. Washington*, 20 Ind. App. 148, 67 Am. St. 248, relied upon by respondents, the obligees were named in the bond "as mayor of the city of Washington" and "as marshal of the city of Washington," and it was held they could not sue as individuals. The appellants are not so named here, but rather as "the above named defendants O. S. Sampson, R. T. King, J. C. Ruth, H. X. Featherstone, and W. J. Moon." Respondents also cite *Kinkead v. Benton*, 19 Nev. 437, 14 Pac. 294, in which the governor, comptroller, and treasurer of the state of Nevada were enjoined from exercising the authority conferred upon them by law in directing the construction of an insane asylum. The individuals named as such officials, upon the dissolution of the injunction, brought an action on the bond as individuals, and it was held they could not recover, as the bond only ran to them in their official capacity. We do not think these cases, or other

like cases, are authoritative, where, as here, the bond does not run to the officials as officials, but to them as individuals. Cases more nearly in point with the present situation are: *Breeze v. Haley*, 13 Colo. 438, 59 Pac. 333, and *Littleton v. Burgess*, 16 Wyo. 58, 91 Pac. 832, 16 L. R. A. (N. S.) 49.

We are of the opinion that the appellants could rightfully maintain action on this bond, and the court should have so held. Without discussing the dismissal as to Moon any further than to say that, under the findings, we see no reason for a dismissal as to him, it is ordered that the judgment be reversed, and the cause remanded for further proceedings.

DUNBAR, C. J., CHADWICK, and CROW, JJ., concur.