WARDWELL DEVELOPMENT CORPO-
RATION, a Wyoming corporation, and
Mary E. Croxton, Appellants (Petition-
ers),

v.

The BOARD OF COUNTY COMMISSION-
ERS FOR NATRONA COUNTY, Wyo-
ming, Appellee (Respondent).

No. 5569.

Supreme Court of Wyoming.

Jan. 26, 1982.

Earl R. Johnson, Jr., Casper, signed the
brief and appeared in oral argument on
behalf of appellants.

Michael J. Burke, Chief Civil Deputy, Na-
trona County and Pros. Atty., signed the
brief. Burke and Patrick J. Murphy, of
Williams, Porter, Day & Neville, P. C., Cas-
per, appeared in oral argument on behalf of
appellee.

Before ROSE, C. J., and RAPER, THOM-
AS, ROONEY, and BROWN, JJ.

ROONEY, Justice.

Appellants appeal from an order denying
their motion to enforce liability on a bond
given in connection with proceedings in the
district court.

We affirm.

Appellants had appealed to the district
court from a zoning decision and order of
appellee which placed certain lands in Na-
trona County in a rural business zone. Ap-
pellee then moved for a preliminary injunc-
tion to prevent further activity by appel-
lants with reference to such lands pending
the appeal. The district court issued the
preliminary injunction "pending final deter-
mination of the matter on appeal" and di-
rected appellee to execute a $30,000 bond in
accordance with the provisions of Rule 65,
W.R.C.P.[1] The bond was executed. It con-
ditioned payment to appellants on appellee
"having wrongfully obtained a Preliminary
Injunction against them * * *."

---

1. Rule 65, W.R.C.P., provides in pertinent part:
   "(c) *Security.*—No restraining order or pre-
   liminary injunction shall issue except upon
   the giving of security by the applicant, in
   such sum as the court deems proper, for the
   payment of such costs and damages as may
   be incurred or suffered by any party who is
   found to have been wrongfully enjoined or
   restrained. * * *"

Thereafter, the appeal to the district court was dismissed inasmuch as the zoning decision of appellee was a legislative act from which an appeal would not lie. *McGann v. City Council of City of Laramie,* Wyo., 581 P.2d 1104 (1978). Appellants then filed a motion to enforce liability on the bond. The district court denied the motion, finding, among other things, that:

"1. There was not a wrongful issuance of the preliminary injunction in this matter.

"2. There is no liability established on the bond."[2]

Appellants argue that inasmuch as the dismissal of their appeal was because the district court was without jurisdiction, the issuance of a preliminary injunction by it was wrongful. In support of their argument, they point to the following language in *Littleton v. Burgess,* 16 Wyo. 58, 91 P. 832, 835 (1907), citing *Robertson v. Smith,* 129 Ind. 422, 428, 28 N.E. 857, 859 (1891):

" ' * * * [W]hen a plaintiff files a complaint and bond, and procures an injunction to issue from a court of general jurisdiction, he is, when sued upon the bond, estopped to say that the court granting the injunction was without jurisdiction. They proceed upon the theory that it does not lie in the mouth of one who has affirmed the jurisdiction of a court in a particular matter, to accomplish a purpose, to afterward deny such jurisdiction to escape a penalty.' * * * " 91 P. at 835.

However, appellants overlook the fact that they were the ones who improperly invoked the jurisdiction of the district court—not the appellee. In *Littleton v. Burgess,* supra, the one who invoked the jurisdiction of the court was estopped to avoid bond liability on the basis of lack of jurisdiction in the court. Likewise, the one who invoked the jurisdiction of the court should not be entitled to enforce bond liability solely on the basis that the court lacked the jurisdiction which he invoked.

2. The bonding company was named as a party defendant, but it failed to enter an appearance

There may have been something wrongful about the jurisdiction of the court, but there was nothing wrongful about the issuance of the preliminary injunction. It was issued at a time when the district court was properly considering a case before it *to determine, among other things, whether or not it had jurisdiction,* i.e., whether or not the petition for review was properly before it. *Fox Park Timber Co. v. Baker,* 53 Wyo. 467, 84 P.2d 736, 120 A.L.R. 1020 (1938).

Aside from the question of whether or not the district court has jurisdiction to consider the petition for review, it would have jurisdiction to enforce the zoning decision by injunction in an appropriate proceeding.

"Any zoning resolution passed by the board pursuant to W.S. 18–5–202(b) and (c) is enforceable in addition to other remedies provided by law by injunction, mandamus or abatement." Section 18–5–205, W.S.1977.

Affirmed.

after service of the summons and complaint. The district court found it to be in default.