155 So.2d 422 (1963)
ROGER DEAN CHEVROLET, INC., a Florida corporation, Appellant,
v.
PAINTERS, DECORATORS & PAPERHANGERS OF AMERICA, LOCAL NO. 452, and Ken Turner, Appellees.
No. 3358.
District Court of Appeal of Florida. Second District.
July 19, 1963.
*423 Warwick, Paul & Warwick, West Palm Beach, for appellant.
Leon H. Brush, Kaplan, Ser & Abrams, Miami, for appellees.
SMITH, Chief Judge.
The appellant, as plaintiff, filed its complaint in chancery to enjoin the defendant-appellees (a labor union and its business agent) from picketing the plaintiff's place of business. The plaintiff also sought damages as a result of the picketing. The complaint did not allege any facts showing violence. At an ex parte hearing, held without notice to the defendants, the court entered a temporary restraining order enjoining the defendants from their picketing. Pursuant to a subsequent order, the plaintiff posted bond in the sum of $2,500.00, conditioned as follows: "[that the plaintiff should] pay such costs and damages as may be incurred or suffered by the defendants, or either of them, in the event of the wrongful issuance of said temporary injunction, or should said court find that the defendants, or either of them, have been wrongfully enjoined or restrained by said temporary injunction. * * *" The defendants filed a motion to dismiss on the ground that the court lacked jurisdiction of the cause, urging that sole and exclusive jurisdiction to adjudicate the wrongs complained of by the plaintiff lies with the National Labor Relations Board and the federal courts.
Thereupon, the court dismissed the cause, entering its order to the following effect:
"This cause has been presented upon Defendants' Motion to Dismiss, both on the ground of failure to state a cause of action and lack of jurisdiction. The Court has considered arguments of counsel and memorandum briefs filed by each. A portion of the argument contained in Plaintiff's memorandum deals with the merits of the controversy. This Court is of the opinion that the jurisdictional question must first be determined, and is forced to the conclusion that it does not have jurisdiction of this cause. Filed herein, as an exhibit, is a certified copy of a finding of the National Labor Relations Board, holding that the Plaintiff's operations come within the interstate commerce jurisdiction of the Board. In Wood, Wire & Metal Lathers International Union, Local No. 345 v. Babcock, (Fla. [App.]) 132 So.2d 16, decided July 31, 1961, the District Court of Appeal held that a State Court may not enjoin peaceful picketing where it is arguable that activities complained of are within purview of the Labor Management Relations Act. Certainly, in the present case, in view of the finding by the National Labor Relations Board, as stated above, it is at least arguable as to jurisdiction, and, therefore, under the above cited decision, this Court cannot enjoin peaceful picketing. This conclusion, in no way, passes upon the merits of the controversy between these parties, and Plaintiff may well secure the relief sought by application to the National Labor Relations Board. It is thereupon,
"ORDERED and DECREED that this cause be and the same is hereby dismissed, without prejudice, for lack of jurisdiction in this court; and it is further
"ORDERED and DECREED that the temporary injunction entered herein on *424 September 29, 1961, be and the same is hereby terminated and dissolved."
The defendants then filed their motion to assess costs and damages. The Court awarded the defendants the sum of $525.00 as an allowance for their attorneys' fees for their costs and damages because of the wrongful issuance of the temporary injunction. From this order the plaintiff appeals. We affirm.
The question presented by this appeal is whether attorneys' fees are properly assessable against the plaintiff on its injunction bond, where the temporary injunction was dissolved as a result of a finding by the court that it did not have jurisdiction of the subject matter of the cause. It is the rule in this jurisdiction that counsel fees expended toward dissolving a temporary injunction are recoverable as a part of the defendant's damages incurred by the wrongful issuance of the temporary injunction. Wittich v. O'Neal, 1886, 22 Fla. 592. In that case, the Supreme Court held that in a suit on a bond[1] given to obtain a temporary injunction, counsel fees incurred in effecting the dissolution of the injunction may be recovered as a part of the defendant's damages. The Supreme Court noted that the temporary injunction had been issued and then dissolved, upon application of the defendant, before a final determination of the main suit. The court said:
"In such a case the temporary injunction is an extraordinary remedy. Unlike the usual course of law, which `proceeds upon inquiry and only condemns after a hearing,' it is often ex parte and condemns temporarily before a hearing. It seems just and right that where a party asks the interposition of the power of the courts, in advance of a trial of the merits of the cause, to deprive the defendant of some right or privilege claimed by him, even though temporarily, that if on investigation it is found that the plaintiff had no just right either in the law or the facts to justify him in asking and obtaining from the courts such a harsh and drastic exercise of its authority, that he should indemnify the defendant in the language of his bond for `all damages he might sustain,' and that reasonable counsel fees necessary to the recovering [sic] of such injunction are properly a part of his damage."
Having determined that attorneys' fees may be recovered by the defendants from the plaintiff on the latter's bond, as a part of the damages incurred by the defendant in effecting the dissolution of the temporary injunction, we now proceed to the more critical issue; that is, may such fees be allowed where the method employed in effecting the dissolution of the temporary injunction was a successful assault upon the court's jurisdiction over the cause? The plaintiff-appellant contends (1) that, under the terms of the bond, the defendants should recover only where there has been a wrongful issuance of the temporary injunction, or a wrongful restraint of the defendants; and (2) that it cannot be said that the temporary injunction was "wrongfully issued" or that the defendants were "wrongfully restrained" until the cause is determined on the merits. The plaintiff-appellant points out that, in the Order of Dismissal, the lower court concluded that it did not have jurisdiction and then stated:
"This conclusion, in no way, passes upon the merits of the controversy between these parties, and Plaintiff may well secure the relief sought by application to the National Labor Relations Board. * * *"
According to the plaintiff-appellant, such an order of dismissal without prejudice is merely a determination that the cause is in the wrong court, and not a judicial determination *425 that the injunction was wrongfully issued or that the defendants were wrongfully restrained.
We are aware of the general rule that the right of the defendant in an injunction suit to recover costs and damages for the wrongful issuance of the temporary injunction does not accrue until there is a final determination that said injunction was wrongfully issued. 28 Am.Jur., Injunctions, § 338. See also Annotation, 92 A.L.R. 273. However, there is a corollary rule to the effect that the dissolution of a temporary injunction, if tantamount to a determination that the injunction was wrongfully issued, will entitle the defendant to recover for damages resulting from its issuance. 28 Am.Jur., Injunctions § 339. None of the cases cited in support of the general rule and its corollary present the precise factual situation and issues with which we are here faced. We are of the view that the lower court's dissolution of the temporary injunction, on the ground that it lacked jurisdiction over the cause, was tantamount to a determination that the temporary injunction was wrongfully issued.
In Littleton v. Burgess, 1907, 16 Wyo. 58, 91 P. 832, 16 L.R.A.,N.S., 49, a temporary injunction had been issued enjoining a prosecuting attorney from prosecuting a crime. After the said injunction was declared unlawful, for lack of jurisdiction, the prosecuting attorney brought an action on the injunction bond. In affirming a judgment rendered in favor of the prosecuting attorney, the Supreme Court of Wyoming said:
"* * * In the case before us, the plaintiffs in error forced the defendant in error into court to determine at least a question of jurisdiction  a question which was a judicial one, and which he could not determine himself  and to ignore the writ might have resulted in great wrong to him. No obligation rested upon him to ignore the writ, even though it was issued without jurisdiction. * * * His right to defend either upon the merits or upon jurisdictional grounds accrued to him upon the service of the writ (Walton v. Develing, 61 Ill. 201), and by no sophistry of reasoning could he be barred of that right. The right having so accrued, he had the right to be represented by counsel. If the attorney's fees were incurred to procure the dissolution of the injunction, then by the great weight of authority the defendant in error was damaged to that extent. 22 Cyc. 1053, and cases there cited; Robertson v. Smith, supra [129 Ind. 428, 28 N.E. 857, 15 L.R.A. 273]; Noble v. Arnold, 23 Ohio St. [264] 265 * * *."
We conclude that the dissolution of the temporary injunction, which dissolution was based on the court's determination that it was without jurisdiction of the cause, was a sufficient predicate for the court's subsequent decree awarding the defendants the sum of $525.00, as an allowance for their attorneys' fees incurred by reason of the wrongful issuance of the temporary injunction. The condition of the plaintiff's bond, that the plaintiff pay all costs and damages incurred or suffered by the defendants by reason of the wrongful issuance of the temporary injunction, included reasonable attorneys' fees expended for the purpose of securing the dissolution of the injunction. The amount awarded was restricted to the services rendered for that purpose, even though the means employed resulted in a judicial determination that the court did not even have jurisdiction of the cause. Under such circumstances, the rule requiring segregation of the services for procuring the dissolution from the services rendered in defense of the main case was not applicable, because the means employed, without further or additional services, accomplished both results simultaneously.
Affirmed.
KANNER, J., and BARNS, PAUL D., Associate Judge, concur.
NOTES
[1] Since the decision in Wittich v. O'Neal, § 64.16, Florida Statutes, F.S.A., has been enacted. This statute authorizes the court to assess the damages to which a defendant may be entitled under an injunction bond without the necessity of a separate action at law on the bond, as was the procedure in the cited case.