457 P.2d 418

COX'S FOOD CENTER, INC., a corporation, Plaintiff-Appellant Cross-Respondent,

v.

RETAIL CLERKS UNION, LOCAL NO. 1653; Retail Clerks Union, Local No. 1439; Retail Clerks International Association, AFL–CIO, an international union; Manley McDonald, Jack Hamilton and Dannie O'Brien, representatives of Retail Clerks International Association, AFL–CIO, James Potts, Marvin Averill and John Doe, Pickets; and any other pickets whose names are unknown, Defendants-Respondents Cross-Appellants.

No. 10238.

Supreme Court of Idaho.

July 9, 1969.

Weston & Weston, Boise, Ware, Stellmon & O'Connell, Lewiston, for appellant.

Bassett, Donaldson & Hafer, Seattle, Wash., Brauner, Fuller & Doolittle, Caldwell, Sol Lippman, Washington, D. C., for appellee.

SHEPARD, Justice.

This case has previously been before this Court, Cox's Food Center, Inc. v. Retail Clerks Union, Local No. 1653, 91 Idaho 274, 420 P.2d 645 (1966). The facts under which this case arose are amply set forth in our original decision and, therefore, only a summary is required here, together with facts occurring subsequent to the issuance of the original opinion.

In 1961, appellant was engaged in the retail grocery business and contracted with respondent Local No. 1653 as bargaining agent for appellant's employees. The con-

tract terminated and during February, 1962, the respondents picketed appellant's store.

Local No. 1439 filed an unfair labor practice charge against the store with the National Labor Relations Board. That case was dismissed and the decision was sustained upon appeal. In March of 1962, appellant herein filed a petition with the NLRB requesting it to proceed under its authority. The unions, respondents herein, by letter to the NLRB, disclaimed any interests in representing the employees of appellant in connection with any decertification election and the NLRB dismissed appellant's petition. In November, 1962, appellant filed another petition with the NLRB seeking a determination of the jurisdiction of the NLRB and the NLRB dismissed that petition on the basis that the union no longer claimed to represent appellant's employees.

In the meantime, on May 25, 1962, appellant instituted this action seeking injunctive relief against the picketing and general and punitive damages because of loss of business. On April 11, 1963, the district court, after findings of fact, ruled that it had jurisdiction and issued a temporary injunction. Not until November 12, 1963 did the union answer the complaint asserting that the picketing was peaceful, that it constituted an exercise of free speech, that appellant's gross business was in excess of $500,000 a year, and that exclusive jurisdiction of the controversy was vested in the NLRB. Not until January and February of 1964 were the depositions of officers and employees of appellant taken concerning appellant's volume of business for the years 1960, 1961 and 1962.

On April 2, 1964, respondents filed a motion to dissolve the injunction, a motion for summary judgment, and thereafter a further motion for attorneys' fees. On September 4, 1964, the trial court denied the motion for summary judgment, but dissolved the temporary injunction and dismissed the action on the basis that the jurisdiction over the controversy was exclu-

sively in the NLRB. From that decision of the trial court, both parties appealed, resulting in this Court's opinion dated November 25, 1966, Cox's Food Center, Inc. v. Retail Clerks Union, Local No. 1653, supra. That opinion directed the trial court to request an advisory opinion concerning jurisdiction from the NLRB. On April 24, 1967, the NLRB rendered its advisory opinion and stated that it would assert jurisdiction.

On June 21, 1967, appellant filed with the NLRB a charge of unfair labor practices. On July 26, 1967, the NLRB refused to issue a complaint on said charge because it was filed more than six months after the events in question. An appeal thereon was denied and the parties stipulated that the appellate channels had been exhausted.

The matter was thereupon returned to the Idaho district court. That court on January 27, 1968 ruled that exclusive jurisdiction was vested in the NLRB and dismissed the action for lack of jurisdiction over the subject matter. It concurrently dissolved the temporary injunction and denied the unions' motion for attorneys' fees. The denial of attorneys' fees was based (1) that the motion was premature since the dismissal might be appealed; (2) that the dissolution of the injunction was and is incidental to the dismissal of the cause for lack of jurisdiction, which dismissal automatically carries with it dissolution of the injunction; and (3) that the unions were guilty of laches in delaying the taking of the depositions of Cox and his accountant until after the issuance of the temporary injunction by the court.

From the judgment of the district court of January 27, 1968, both parties appeal. Appellant contends the assertion of jurisdiction by the NLRB was erroneous and that the district court should not have deferred to that jurisdiction. Respondent unions, on their cross-appeal, contend that the court erred in denying them attorney fees.

Essentially, appellant contends that the NLRB applied its $500,000 annual dollar

volume jurisdictional criteria at an improper point in time. Appellant made the identical contention in its initial appeal, the matter was treated in the original opinion, and our opinion has not changed. Appellant concedes that under the criteria announced in Joseph McSweeney & Sons, Inc., 119 NLRB 1399 (1958), the NLRB applies its jurisdictional standards based on past experience of an employer rather than its future operations, but contends that "past experience" is to be strictly construed, and that the twelve month period for applying the $500,000 annual dollar volume test must be that period immediately prior to the time that objection to jurisdiction is made. In this case, the objection to jurisdiction was filed November 8, 1963, while the picketing out of which the action arose began February 16, 1962. The NLRB used the calendar year 1961 in applying its jurisdictional standards. As we noted in our previous decision, the sweeping jurisdiction conferred on the NLRB by 29 U.S.C.A. § 160(a), gives broad latitude to the NLRB in determining whether labor situations may "affect commerce" and thus bring them under the board's jurisdiction. The statute militates against any rigid mechanistic test for the determination of that jurisdiction and the $500,000 annual volume test for retail businesses is at best a convenient rule of thumb. Nowhere is any fixed time of application enunciated.

Appellant contends that three decisions of the board require a fixed time of application of the volume test. Building and Construction Trades Council of San Bernardino and Riverside Counties, 139 NLRB 1370 (1962), does not support appellant's contention. It deals with the $50,000 inflow-outflow test for jurisdiction which is used as a standard for non-retail businesses. That decision stated:

"Since the out-of-State inflow of Developers' subcontractors at the Yucaipa and Dunlap projects may be added, a total inflow from outside the State of at least $50,000 appears. This is sufficient to satisfy the applicable jurisdictional standard."

It further appears that although the decision as above quoted was reached on a different standard, the board went down on to say:

"As is now well established, 'the Board's jurisdictional criteria expressed in terms of annual dollar volume of business do not literally require evidentiary data respecting any certain 12-month period of operations, but may be satisfied, for example, by projecting or estimating commerce data for an appropriate annual period.' So far as appears from this record, Bidney's and Developers' performance during the 12-month period ending November 30, 1961, its out-of-State purchases included, is representative of the scope of its annual operations."

Appellant next cites Painters Local Union No. 249, Brotherhood of Painters, 136 NLRB 176 (1962). This case also deals with a non-retail establishment and the decision of the board itself nowhere discusses an appropriate base period. The supplemental intermediate report, appended to the decision, however, notes that the appropriate base period for the application of the jurisdictional criteria is a flexible one. Therefore, the case stands for almost the precise opposite of appellant's contentions.

Appellant finally cites Montex Drilling Co., 122 NLRB 139 (1958), as supporting his contention that the jurisdictional criteria must be applied to the period immediately preceding an objection to jurisdiction or the date that the case was filed. In that case also the board specifically rejected any specific 12-month period of time as the applicable criteria.

 Appellant's argument is not supported by his authorities and it appears that the board correctly applied its own jurisdictional guidelines and was correct in assuming jurisdiction.

Appellant further contends that the picketing here was for an illegal objective not protected nor recognized as a legitimate

union objective and that in such situation the State of Idaho could retain jurisdiction. This again raises the question of the extent of federal preemption in this field. That question has been previously discussed at length in the context of the earlier opinion in this case. That discussion was adequate when written, remains so, and there is no necessity to reiterate the holding herein.

■ In conclusion, the district court's action in dismissing the action and dissolving the temporary injunction was proper and that action is affirmed.

Respondents cross-appeal from the order of the district court denying their motion to assess damages of $1,500 for attorney fees and expenses incurred in obtaining dissolution of the temporary injunction.

I.R.C.P. 65(c) prohibits the issuance of a preliminary injunction except upon the giving of security, and provides in pertinent part:

"No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages including reasonable attorney's fees to be fixed by the court, as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. * * *"

As herein set forth, the trial court denied the motion for attorney fees on three grounds. The first ground for denial was that the motion was premature since the dismissal might be appealed. That ground is no longer available since the appeal indeed has been taken and the judgment of dismissal affirmed. A further ground was cited by the court that the dissolution of the injunction was incidental to the dismissal of the action for lack of jurisdiction. This ground appears to have been incorrectly utilized by the trial court in view of Davidson Grocery Co. v. United States Fidelity & Guaranty Co., 52 Idaho 795, 21 P. 2d 75 (1933); Miller v. Donovan, 13 Idaho 735, 92 P. 991 (1907); and Roger Dean Chevrolet, Inc. v. Painters, Decorators and Paperhangers of America, Local Union No. 452, 155 So.2d 422 (Fla.App.1963), but further discussion on this ground is deemed unnecessary in view of our decision hereafter dealing with the third ground given by the trial court.

■ The trial court ruled that the unions were guilty of laches in not taking the deposition of Jack Cox and his accountant prior to the issuance of the injunction, since they had ample time to do so. It is apparent from the actions of the trial court that if the material contained in the depositions which indicated lack of jurisdiction had been available, the trial court would not have issued the injunction and thus the claim for damages would have been avoided. Counsel for respondents and cross-appellants deny that their presentation at the time of the hearing for the issuance of the injunction was inadequate to reveal the employer's purchases and sales. The record reveals conclusively, however, that the NLRB based its assumption of jurisdiction upon the dollar volume criteria and that such material was not before the trial court when it initially assumed jurisdiction and issued the injunction. At the time of the injunction hearing the district court arguably had jurisdiction based on the knowledge furnished to it. It would indeed be illogical to permit the respondents and cross-appellants to delay furnishing information necessary to a determination of jurisdiction and then recover damages because absent such information the court issued an injunction. The district court did not err in finding that the unions' delay in taking the depositions resulted in the wrongful assumption of jurisdiction and issuance of the injunction by the district court and that those circumstances were sufficient foundation for refusal to grant attorney fees incident to the obtaining of the dissolution of the injunction. The decision of the district court is affirmed. Each party to bear its own costs.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.