874 So.2d 640 (2004)
PICASSO TOWER, INC., Appellant,
v.
DAIRENE INTERNATIONAL, a Nevada corporation, and Edwin Golstein, Appellees.
No. 3D03-312.
District Court of Appeal of Florida, Third District.
April 14, 2004.
Rehearing Denied June 9, 2004.
*641 Murphy & O'Brien and William E. Murphy and Joseph R. Littman, for appellant.
Edwin Golstein, in proper person. No appearance for appellee Dairene International, a Nevada corporation.
Before COPE, GODERICH and GREEN, JJ.
PER CURIAM.
Picasso Tower, Inc. appeals a final judgment awarding damages on an injunction bond. We affirm.

I.
Landlord Picasso Tower, Inc. rented office space to tenant Dairene International, a Nevada corporation. Appellee Edwin Golstein personally guaranteed the lease.
The tenant fell behind in the rent and the landlord obtained a final judgment of eviction in circuit court. Thereafter the landlord and tenant entered into a settlement agreement by which the tenant remained in the office space and the landlord did not enforce the eviction judgment.
The tenant again fell behind in the rent. In September 2000 the tenant advised the landlord that it would move out at the end of the month.
In the landlord-tenant case, the landlord filed an emergency motion for temporary injunction. In an effort to enforce its landlord's lien for unpaid rent, the landlord requested a temporary injunction to prohibit the tenant from moving its office furnishings and equipment out of the office space.
The circuit court granted a temporary injunction ex parte. The landlord posted a $25,000 bond.
On December 2 and 3, 2000 the circuit court conducted a hearing on the tenant's motion to dissolve the temporary injunction.[1] The court dissolved the injunction. The court found that there had been no jurisdiction to enter the temporary injunction in the landlord-tenant case, because the landlord-tenant case had already gone to final judgment and there had been no *642 reservation of jurisdiction for further proceedings.[2]
Thereafter the tenant moved for an award of damages against the injunction bond. See Fla. R. Civ. P. 1.610. The trial court awarded damages and the landlord has appealed.

II.
The landlord argues that the tenant is not entitled to any damages against the injunction bond. The landlord reasons that the dismissal for want of jurisdiction was necessarily a dismissal without prejudice to refile in an appropriate forum. The landlord points out that it could have obtained the same injunctive relief by filing a distress for rent. See §§ 83.11-19, Fla. Stat. (2000). The landlord argues that since the dissolution of the injunction was not a ruling on the merits, it follows that injunction damages cannot be awarded.
We reject the landlord's argument on authority of Roger Dean Chevrolet, Inc. v. Painters, Decorators & Paperhangers of America, 155 So.2d 422 (Fla. 2d DCA 1963). There, as here, the circuit court dissolved a temporary injunction on the ground that the court lacked jurisdiction. The Second District concluded that in such circumstances damages should be awarded against the injunction bond.
We find the Second District's reasoning persuasive. The court said:
We are aware of the general rule that the right of the defendant in an injunction suit to recover costs and damages for the wrongful issuance of the temporary injunction does not accrue until there is a final determination that said injunction was wrongfully issued. However, there is a corollary rule to the effect that the dissolution of a temporary injunction, if tantamount to a determination that the injunction was wrongfully issued, will entitle the defendant to recover for damages resulting from its issuance.... We are of the view that the lower court's dissolution of the temporary injunction, on the ground that it lacked jurisdiction over the cause, was tantamount to a determination that the temporary injunction was wrongfully issued.
In Littleton v. Burgess, 1907, 16 Wyo. 58, 91 P. 832, 16 L.R.A., N.S., 49, a temporary injunction had been issued enjoining a prosecuting attorney from prosecuting a crime. After the said injunction was declared unlawful, for lack of jurisdiction, the prosecuting attorney brought an action on the injunction bond. In affirming a judgment rendered in favor of the prosecuting attorney, the Supreme Court of Wyoming said:
`* * * In the case before us, the plaintiffs in error forced the defendant in error into court to determine at least a question of jurisdictiona question which was a judicial one, and which he could not determine himselfand to ignore the writ might have resulted in great wrong to him. No obligation rested upon him to ignore the writ, even though it was issued without jurisdiction. * * * His right to defend either upon the merits or upon jurisdictional grounds accrued to him upon the service of the writ, and by no sophistry of reasoning could he be barred of that right. The rights having so accrued, he had the right to be represented by *643 counsel. If the attorney's fees were incurred to procure the dissolution of the injunction, then by the great weight of authority the defendant in error was damaged to that extent.
155 So.2d at 425 (citations omitted; italics in original; boldface added).
As in the Roger Dean case, the temporary injunction in the present landlord-tenant dispute was entered without jurisdiction. The tenant was entitled to move for its dissolution and an award of damages against the injunction bond. Such damages consist of attorney's fees expended to procure dissolution of the injunction plus other damages flowing from the injunction's wrongful issuance.
We have carefully considered the landlord's arguments against the amounts awarded, but conclude that the damage amounts are supported by the evidence and within the trial court's discretion.
Affirmed.
NOTES
[1] There had been an initial hearing one business day after entry of the injunction but the hearing was postponed to allow the tenant to obtain counsel.
[2] The final judgment in the landlord-tenant case contained a reservation of jurisdiction for the award of attorney's fees, but no broader reservation of jurisdiction for other post-judgment proceedings.